## WOLF *v.* AKIN.

[No. 8,236. Filed February 27, 1914.]

1. APPEAL.—*Briefs.*—*Points and Authorities.*—*Evidence.*—No reversible error was presented on the assignment that the court erred in overruling the motion for new trial, where the specifications of the motion relied upon were that the verdict was not sustained by sufficient evidence and that it was contrary to law, and appellant failed to indicate in his brief the application of the points and authorities therein contained, and failed to set out a condensed recital of the evidence in narrative form.  p. 590.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Charles T. Akin against Mayme Wolf. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thos. J. Wolfe* and *W. R. Nesbit,* for appellant.
*Arthur Denny Cutler,* for appellee.

HOTTEL, J.—This is an appeal from a judgment recovered by appellee on a note executed to him by appellant and Andy Fisher. There was a trial by jury resulting in a verdict for appellee in the sum of $140.

Appellant, in his brief, states that the sole issue in the case was whether appellant executed the note as principal or surety and, that the only error assigned in this court

is the overruling of appellant's motion for a new
trial. On this statement in such brief, we are asked
by appellee to dismiss the appeal on the ground that
neither said motion for a new trial nor its substance is
set out in appellant's brief. The only reference to the
grounds of such motion which we find in the brief is in the
argument where it is stated that "the motion for a new
trial which was overruled by the court, to which ruling the
appellant excepted, was based on three reasons, first, that
the verdict was not sustained by sufficient evidence, second,
that it was contrary to law, the third was waived by the
appellant." Assuming without deciding that this is suffi-
cient to supply the defect in the brief urged by appellee
and, that it shows that one of the grounds of such motion
is that of the sufficiency of the evidence to sustain the ver-
dict, other failures of appellant to comply with the rules
of this court prevent a reversal of the case. One require-
ment of Rule 22 is as follows: "The brief shall contain,
under a separate heading of each error relied on, separately
numbered propositions or points, stated concisely, and with-
out argument or elaboration, together with the authorities
relied on in support of them * * *. No alleged error
or point, not contained in this statement of points, shall be
raised afterwards, either by reply brief, *or in oral or printed
argument,* or on petition for rehearing."

There is nothing in said brief under the heading, "Points
and Authorities" to indicate what error, if any, is relied
on, to which such points and authorities are directed and
intended to apply. We can only infer from the statement
above quoted, found in the argument, that they are intended
to apply to one of the two grounds of the motion for a
new trial there indicated; and where the insufficiency of the
evidence is the ground of the motion for new trial relied on
for reversal, clause 5 of said rule of this court, requires that
appellant's brief shall "contain a condensed recital of the
evidence in narrative form so as to present the substance

clearly and concisely.'' Appellant's brief does not measure up to the requirements of this provision of said rule, as construed by both this and the Supreme Court; and this court could not on the showing made in such brief say, that there should be a reversal of the judgment on account of the insufficiency of the evidence to sustain the decision of the trial court.

On account of said defects and omissions in said brief, appellant has failed to present to this court any reversible error. *Pittsburgh, etc., R. Co.* v. *Greb* (1905), 34 Ind. App. 625, 632, 633, 73 N. E. 620; *Welch* v. *State, ex rel.* (1905), 164 Ind. 104, 107, 108, 72 N. E. 1043; *Chandler Coal Co.* v. *Sands* (1908), 170 Ind. 623, 630, 85 N. E. 341; *Conner* v. *Andrews Land, etc., Co.* (1904), 162 Ind. 338, 350, 70 N. E. 376; *State, ex rel.* v. *Board, etc.* (1906), 167 Ind. 276, 287, 288, 78 N. E. 1016.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 308. See, also, 2 Cyc. 1013, 1017.