## MOORE v. OHL.

[No. 9,257. Filed May 8, 1917. Rehearing denied November 16, 1917.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—The rules of the Supreme and Appellate Courts relating to the preparation of briefs are not complied with by a mere statement in appellant's points and authorities of general propositions of law which neither by wording nor direct reference are applied to any particular ruling of the trial court relied on for reversal. p. 693.

2. CONTRACTS.—*Parol Contracts.*—*Parol Evidence.*—A contract partly in writing and partly in parol becomes a mere verbal contract, and, where it is necessary to resort to oral evidence to establish the terms of a contract, then the whole contract is regarded as being verbal. p. 695.

3. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—Although a contract to furnish board and lodging was in writing, except that the method of ascertaining the amount of compensation required oral evidence, and was, technically, an oral contract, yet an instruction in an action on a note that defendant, who pleaded such contract by way of set-off and alleged it to be written, had the burden of proving that the contract was written was not prejudicial to her, where the evidence showed only that the contract was written and the instruction expressly authorized a recovery for the value of the service shown by the evidence independent of the contract. p. 696.

4. APPEAL.—*Review.*—*Verdict.*—*Excessive Recovery.*—Where, in an action on two notes, one for $700 and the other for $500, defendant counterclaimed for maintenance and support furnished plaintiff, and plaintiff's recovery was for less than the amount due on the $700 note, the court on appeal cannot sustain defendant's contention that, because the undisputed evidence showed that the value of her services was approximately $1,600, the jury must have found for her on her counterclaim and that the recovery was too large, since the jury may have found against defendant's counterclaim and against plaintiff on the $500 note, in which case the verdict was too small. p. 698.

5. APPEAL.—*Briefs.*—*Sufficiency.*—Alleged error in the refusal of instructions is not presented for review, where appellant's points and authorities do not refer to the instructions or to any error predicated on their refusal. p. 699.

6. APPEAL.—*Briefs.*—*Argument.*—An argument is not a necessary part of a brief, and any question attempted to be presented thereby will not be considered where not presented in appellant's points and authorities. p. 699.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Sarah C. Ohl against Laurinda Moore. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James V. Kent* and *Thomas M. Ryan,* for appellant.

*Albert J. Bayne, John W. Strawn* and *William Robison,* for appellee.

HOTTEL, J.—Appellee filed in the Clinton Circuit Court a complaint in two paragraphs. The first paragraph was based on a promissory note for $700, executed by appellant on May 9, 1902, due five years after date, and bearing five per cent. interest from date. The second paragraph was based on a note for $500, executed May 23, 1899, due one year after date, and bearing six per cent. interest from date, with a credit of $10 endorsed thereon, of date June 23, 1900, "to be applied on interest," such paragraph containing an averment that a payment of five dollars was made on said note December 26, 1913.

The appellant filed an answer in six paragraphs, viz.: (1) A general denial; (2) the ten-year statute of limitation, addressed to the second paragraph of complaint alone; (3) payment of each note; (4) that each note was executed without any consideration; (5) the fifth paragraph was by way of set-off, the averments of which, material to the questions presented, are hereinafter indicated; (6) the sixth paragraph is addressed to the first paragraph of complaint and sets out in detail the circumstances under which the $700 note was executed, its theory being that such note was executed without any consideration.

A reply in general denial was filed to the affirmative paragraphs of answer. A trial by jury resulted in a verdict for appellee in the sum of $800.

Appellant filed a motion for new trial, which was

overruled, and this ruling is assigned as error and relied on for a reversal. Said motion contains numer-

1. ous grounds, but in her brief, appellant, under the heading "Propositions and Authorities" has merely stated general propositions of law without applying any of them, except as hereinafter indicated, to either of the grounds of said motion. Under the construction and interpretation of the rules of the Supreme Court and this court, as frequently announced by both courts, such rules are not complied with by a mere statement in appellant's points and authorities of general propositions of law which neither by their wording nor by any direct reference are applied to any particular ruling of the trial court relied on for reversal. *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 252, 80 N. E. 538; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788; *Husak* v. *Clifford* (1912), 179 Ind. 173, 100 N. E. 466; *Leach* v. *State* (1911), 177 Ind. 234, 240, 97 N. E. 792; *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 702, 703, 108 N. E. 160; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652.

We shall therefore limit our consideration of the grounds of appellant's motion for new trial to such as are presented by her brief within the rule of the court as interpreted by the cases cited.

The first four propositions submitted by appellant, while not specifically directed to any ruling of the trial court relied on for reversal, furnish the foundation for her fifth proposition, which challenges the action of the trial court in giving the ninth instruction. These propositions, when considered together, are to the following effect, viz.: It is insisted that the averments of the fifth paragraph of answer show that the contract between appellant and appellee set out in such answer

and relied on as the basis of appellant's set-off was part in writing and part in parol, and hence that the entire contract should be treated as oral. Appellant then says that it follows as a sequence that the court erred in giving the ninth instruction.

This instruction is as follows: "No. 9. The defendant in this cause pleads a written contract under which it is claimed the defendant furnished the plaintiff certain board, lodging, care and support. I instruct you that under said allegations the burden is on the defendant to prove that there was a *written* contract under which the said services, if any, were rendered by the defendant to the plaintiff. If you find that the defendant has proven by a preponderance of the evidence that such a contract was executed and that defendant did, under said contract, perform the services for plaintiff as alleged, and that the evidence shows the value thereof, then you should find for the defendant on that proposition."

As affecting the question under consideration, the fifth paragraph of answer contains the following averments: "At the time said note was executed the plaintiff and the defendant entered into a *written* contract by which it was agreed that the plaintiff should live with this defendant in her home, * * * and * * * should pay to this defendant, during the time that she might so live with her, under the terms of said contract, the customary price for boarding and lodging of persons like situate in said neighborhood. * * * Said contract has been lost or destroyed and * * * defendant has been unable to find the same after diligent search therefor in such places as she believed the same likely to be found. (Our italics.)

"In pursuance to * * * said contract * * * plaintiff, * * * defendant's mother, came and lived with * * * defendant for a period of one year after

the execution of said contract and then left the home of * * * defendant and remained away until November, of the year 1901, at which time * * * plaintiff, under and pursuant to the terms of * * * said contract, returned to the home of * * * defendant and * * * continued to reside with * * * defendant and did reside and live with her, from and after said month of November, 1901, until September of the year 1913, at which time plaintiff left * * *.

"During all said time * * * defendant boarded and lodged plaintiff, provided her with two rooms of her dwelling house for her own separate use and during said time bought and furnished clothes of the value of $50.00 per year, at the special instance and request of * * * plaintiff, provided her with money to provide for her * * * wants in the amount of $40.00 per year during all of said time, which * * * money was loaned to plaintiff at her special instance and request. * * * The board and lodging so provided by * * * defendant for * * * plaintiff during all of said time was of the reasonable value of $4.00 per week, * * * $4.50 per week was the customary price in said neighborhood during said time for the furnishing of board and lodging of the kind furnished by defendant to plaintiff during said time."

It is true, as appellant contends, that: "A contract partly in writing and partly in parol becomes a mere verbal contract. Where it is necessary to resort

2. to oral evidence to establish terms of the contract, then the whole contract is regarded as a verbal one." *Tomlinson* v. *Briles* (1885), 101 Ind. 538, 1 N. E. 63; *Higham* v. *Harris* (1887), 108 Ind. 246, 8 N. E. 255; *Gordon* v. *Gordon* (1884), 96 Ind. 134; *Hackleman* v. *Board, etc.* (1884), 94 Ind. 36; *High* v. *Board, etc.* (1884), 92 Ind. 580; *McCurdy* v. *Bowes* (1883), 88 Ind. 583; *Board, etc.* v. *Miller* (1882), 87

Ind. 257; *Pulse* v. *Miller* (1881), 81 Ind. 190; *Board, etc.* v. *Shipley* (1881), 77 Ind. 553.

Assuming, without deciding, that the averments of said answer bring it within the application of the rule announced in the cases cited, and that, strictly 3. and technically speaking, the contract relied on in said answer is, in law, treated as a verbal contract, the fact remains that both the answer and the undisputed evidence show that such contract, if in fact any was made, was in writing, but that one of its provisions, viz., that providing the method by which the amount of appellant's compensation for the care, etc., furnished thereunder, required proof outside of the contract. Whatever influence such provision may have had upon the legal effect of such contract, it did not change the actual facts, and we are unable to see wherein appellant could have been harmed by, or that she is in any position to complain of, that part of the instruction which placed on her the burden of proving that "there was a *written* contract under which the said services, if any, were rendered by the defendant to the plaintiff," especially in view of the averments of her answer, and in view of the fact that her own testimony, as well as the other evidence offered by her, showed a written contract under which such services were rendered. The instruction does not require proof of a written contract as to the value of said service, but, on the contrary, expressly authorizes recovery for the value of such service shown by the evidence independent of the contract, and hence gives appellant the full benefit of the contract as it was set up in her answer. The jury could not have been misled to appellant's injury by said instruction, and hence no reversible error resulted from the giving of it.

Appellant's remaining propositions, stated in her own language, are as follows: (6) "Where one claim is

barred by the Statute of Limitations and another is not, the creditor may apply an undirected payment to the one so barred and may sue on the other." *Mills* v. *Fowkes* (1839), 5 Bing. N. C. 455; *Armistead* v. *Brooke* (1857), 18 Ark. 521. (7) "But such payment is not effectual to revive the remedy as to the residue of the note remaining unpaid and take the same out of the Statute of Limitations." *Mills* v. *Fowkes, supra; Armistead* v. *Brooke, supra; Pond* v. *Williams* (1854), 1 Gray (Mass.) 630; *Livermore* v. *Rand* (1852), 26 N. H. 85. (8) "The debtor is not presumed to have intended to revive a promise which is no longer legally binding on him, although he has put it in his creditor's power to satisfy *pro tanto* a claim upon which he has lost his legal remedy. *Ramsay* v. *Warner* (1867), 97 Mass. 8; *Ayer* v. *Hawkins* (1846), 19 Vt. 26; *Wheeler* v. *House* (1855), 27 Vt. 735; *Pierce, etc., Co.* v. *Knight* (1859), 31 Vt. 701. (9) "If the debtor does not direct and the creditor does not make an application of the payment then the court will not make the application to a claim barred by the Statute of Limitations, for the application will be made by the court only to extinguish those debts or claims that are legally enforcible." 2 Am. and Eng. Ency. Law 458; *Livermore* v. *Rand, supra*. (10) "The Five Hundred Dollar Note counted on in the second paragraph of the complaint was barred by the Statute of Limitations." §295, cl. 5, Burns 1914, §293 R. S. 1881. (11) "The courts will not take cognizance of cross claims between litigants and set one off against the other. The court proceeds upon the principle that one demand is *pro tanto* a satisfaction of the other, and that the real indebtedness is merely the balance." *Porter* v. *Roseman* (1905), 165 Ind. 255, 74 N. E. 1105, 112 Am. St. 222, 6 Ann. Cas. 718. (12) "The Clinton Circuit Court erred in overruling appellant's motion for a new trial." (13)

"The jury erred in the assessment of damages the same being too large." As affecting the question of the effect of an undirected payment upon the tolling of the statute of limitations, see, also, *Barrett* v. *Sipp* (1911), 50 Ind. App. 304, 98 N. E. 310, and cases there cited.

It will be observed that appellant makes no application of either of the legal propositions, *supra,* to any ruling of the trial court assigned as a ground of 4. her motion for new trial, and no reference is made to any such ruling except that contained in the last proposition. However, inasmuch as the second ground of appellant's motion for new trial charges "error in the assessment of the amount of the recovery, the same being too large," we think it but fair to her to assume in favor of her brief that her general propositions of law indicated *supra* were intended to furnish the basis for her contention involved in her propositions Nos. 12 and 13, viz.: that the motion for new trial should have been sustained on account of error in the assessment of the amount of the recovery. We have therefore carefully read the evidence to see whether it necessitates such a conclusion. If appellant's contention relative to the question involved rested solely on the evidence given in support of the $5 payment alleged in the second paragraph of complaint and relied on by appellee for tolling the statute of limitations as to the $500 note, her legal propositions, *supra,* might be of controlling influence, but such contention involves the further assumption that the jury found for her on her fifth paragraph of answer setting up said contract for support and maintenance entered into between her and appellee. Appellant insists in effect that the latter conclusion is necessitated because the amount of the recovery is less than the amount due on the $700 note. It is argued that the undisputed evidence shows that appellee was cared for by appellant for not less

than eight years and that the value of such care and
keep was not less than $208 a year, and hence, that
the jury must have found for her on said fifth para-
graph of answer, and either treated the $500 note as
not barred by the statute of limitations, or otherwise
arbitrarily refused to allow her the amount shown by
the undisputed evidence to have been the value of the
maintenance and support furnished by her. The trou-
ble with this contention is that this court cannot know
or say how the jury arrived at the amount of the ver-
dict returned. The instructions given in the case au-
thorized a finding by the jury that the $500 note was
barred by the statute of limitations, and, so far as
this court knows, it may have so found, and it may
have also found against appellant on her fifth para-
graph of answer, in which case the assessment of re-
covery was too small, and of this appellant could not
complain.

In her argument, appellant challenges the action of
the trial court in refusing to give instructions Nos. 4
and 8 tendered by her. These instructions re-
5. late to appellant's answer of the statute of limita-
tions, the latter being a peremptory instruction,
directing a verdict for appellant on the second para-
graph of the complaint, but as no reference is made
in appellant's points and authorities to either of said
instructions, or to any error predicated on the court's
refusal to give either of them, the action of the trial
court in refusing to give them is not presented for
review. An argument, under the rules of the
6. court, is not a necessary part of a brief, and, in
so far as it attempts to present any question not
presented in appellant's points and authorities, it will
not be considered. *Pittsburgh, etc., R. Co.* v. *Greb*
(1904, 34 Ind. App. 625, 73 N. E. 620; *Wolf* v. *Akin*

(1913), 55 Ind. App. 589, 590, 591, 104 N. E. 308, and cases there cited.

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 116 N. E. 9.