## MILLER *v.* HANEY.

[No. 9,291.  Filed May 11, 1917.]

1. APPEAL.—*Briefs.—Sufficiency.—Presenting Objections to Complaint.*—Grounds of objection to a complaint, set forth in the memorandum accompanying the demurrer, are waived on appeal where not presented by appellant's briefs. p. 408.

2. FRAUD.— *Action.— Complaint.— Sufficiency.— Matters Within Defendant's Knowledge.*—Where a complaint, in an action to recover damages for fraud, alleged that defendant, the owner of a newspaper agency, falsely and fraudulently represented to plaintiff that he controlled the sale of certain newspapers in the city where the business was located and could transfer such right to a purchaser of the business, and that by reason of such false representations plaintiff was induced to pur-

chase the agency, which was worthless, such complaint is sufficient, and not objectionable as showing the buyer's lack of diligence, since the representations made were as to matters peculiarly within the seller's knowledge and plaintiff was warranted in relying on such statements. pp. 408, 410.

3. FRAUD.—*Action.—Complaint.—Sufficiency.—Misreading Contract.*—In an action to recover damages for fraud, where the complaint alleged that the seller of a newspaper agency was relied on by the buyer, who was blind, to prepare the contract for the sale of the business, and that the seller falsely and fraudulently misread the contract to the buyer, misstating its terms for the purpose of inducing the sale, such allegation sufficiently averred a positive fraud and was not objectionable as showing the buyer's lack of diligence. pp. 410, 412.

4. FRAUD.—*Written Contract.—Misstatement of Terms.—Duty of One Unable to Read.*—Where one who cannot read enters into a written contract, a portion of which is misread to him by the other party, he is not charged by the part correctly read which puts him upon inquiry, nor with the duty to procure someone in whom he has confidence to read the contract for him. p. 412.

5. FRAUD.—*Necessity for Diligence.—Application of Rule.—Intentional Fraud.*—The rule that, when one of two apparently innocent persons must suffer a loss for which neither was intentionally responsible, the diligent will be favored, does not apply where one has intentionally and successfully perpetrated a positive fraud. p. 413.

6. APPEAL.—*Briefs.—Sufficiency.—Presenting Instructions for Review.*—General statements in appellant's briefs that the evidence and instructions were outside the issues, but not indicating in the points and authorities the evidence or instructions claimed to be outside the issues, present no question for review. p. 413.

7. APPEAL. — *Briefs. — Sufficiency.—Points and Authorities.*— Where appellant in one of the points of his brief challenges the ruling of the trial court on each of the instructions given and refused and follows with general propositions of law, none of which are applied to any particular instruction, nor is any instruction pointed out in the points and authorities as being objectionable or erroneous, no question is presented for review. p. 414.

From Madison Superior Court; *Willis S. Ellis*, Judge.

Action by Charles F. Haney against Ira F. Miller. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. A. Chipman* and *A. H. Vestal,* for appellant.
*James A. May,* for appellee.

HOTTEL, J.—The appellant appeals from a judgment in appellee's favor for $875, in an action brought by the latter to recover damages alleged to have been sustained by him on account of a fraudulent sale to him by appellant of a newspaper agency in the city of Vincennes, Indiana. The issues of fact were tendered by a complaint in two paragraphs and a general denial thereof. A demurrer to each paragraph of complaint, and a motion for new trial, filed by .appellant, were each overruled, and each of these rulings is separately assigned as error in this court and relied on for reversal.

The memorandum accompanying said demurrer contains numerous grounds of objection to each of said paragraphs of complaint, but appellant in his brief presents but one objection against the first paragraph and two against the second paragraph. The others will be treated as waived. *Pittsburgh, etc., R. Co.* v. *Greb* (1904), 34 Ind. App. 625, 73 N. E. 620; *Wolf* v. *Akin* (1913), 55 Ind. App. 589, 591, 104 N. E. 308, and cases cited.

As against the first paragraph, it is insisted that its averments affirmatively show such "negligence, carelessness or gross indifference on the part of the plaintiff relative to the things complained of" that he "cannot recover." This ground of objection is a departure at least from the letter of any ground contained in the memorandum, but, assuming that those contained in such memorandum are sufficiently comprehensive to include it, the averments of the first paragraph furnish a complete answer to the objection. Without attempting to allege all or in detail the averments of said paragraph, it is sufficient to say that it alleges in substance that appellant was the owner

of the business called the Vincennes News Agency, and as such had the agency for and carried on the business of buying and selling daily and Sunday newspapers; that he was the representative and agent in Vincennes for a large number of newspapers, nine of them being specifically mentioned, published at Indianapolis, Cincinnati, St. Louis, Chicago, and other cities, and had the exclusive right to the sale in said city of Vincennes of a number of such papers, under contracts with the publishers thereof; that by these contracts he bought papers at wholesale and sold them to the citizens of Vincennes; that appellant well knew that he could not transfer to appellee any right to purchase or control the sale of said papers in said city, but nevertheless falsely and fraudulently represented to appellee that he could and would transfer to appellee such agency and the exclusive right to buy and sell all of said papers in said city, and the full and complete right to manage, own and control and operate said business, and control the sale of all of said papers in the city of Vincennes; that said business was prosperous and paying, and said agencies were worth much more than $1,200. This paragraph further alleges that appellant was totally blind and was a stranger in said city, with no friends or acquaintances therein, which facts were well known to appellant; that said representations were false and well known to be so when made by appellant, and were made with the fraudulent purpose and intent of inducing appellee to purchase appellant's business and agency, and with the intent and purpose of defrauding and cheating appellee out of the said sum of $1,200; that appellee relied on said representations and believed them to be true and by them was induced to purchase appellant's said agency and business, and to pay him therefor said sum of $1,200; that appellee paid said sum and undertook to take over said business; that the publishers of several

newspapers denied appellant's right to make such pretended sale and transfer, and refused to recognize it; that appellant had no right, power or authority to sell or transfer said agency, and in fact gave to appellee nothing of value for the $1,200 received from him; that, relying upon such representations, appellee paid appellant $1,200, etc.

It is apparent from these averments that whatever right or ability appellant had to sell or otherwise dispose of said agency and his business of buying and selling said papers thereunder, was a matter peculiarly within his knowledge. Under such circumstances, appellee was warranted in relying on his representation concerning it. *Shaeffer* v. *Sleade* (1844), 7 Blackf. 178; *Harvey* v. *Smith* (1861), 17 Ind. 272; *Bloomer* v. *Gray* (1894), 10 Ind. App. 326, 37 N. E. 819; *Coulter* v. *Clark* (1902), 160 Ind. 311, 66 N. E. 739; *Rose* v. *Hurley* (1872), 39 Ind. 77; *Jones* v. *Hathaway* (1881), 77 Ind. 14; *Paxton, etc., Co.* v. *Mundell* (1915), 62 Ind. App. 45, 112 N. E. 546; *New* v. *Jackson* (1911), 50 Ind. App. 120, 95 N. E. 328; *Judy* v. *Jester* (1912), 53 Ind. App. 74, 100 N. E. 15; *Firebaugh* v. *Trough* (1914), 57 Ind. App. 421, 107 N. E. 301; *Chaney, Admr.,* v. *Wood* (1916), 63 Ind. App. 687, 115 N. E. 333; *Godwin* v. *DeMotte* (1917), *ante* 394, 116 N. E. 17. As against the objection urged, the first paragraph of complaint is sufficient.

The second paragraph of complaint contains substantially all of the averments of the first, indicated *supra,* and in addition alleges in substance that appellee trusted the appellant to prepare a written contract for the sale of his said business and agency; that appellant prepared the same, and then falsely, fraudulently, purposely and designedly misread it to appellee. The contract so prepared, substituting "M" where the words "Ira F. Miller," or "party of the first

part," either or both, are used therein, and "H" where "C. F. Haney," or "party of the second part," either or both, are used therein, is as follows:

· "This contract made by M and H witnesseth that M sells and delivers to H his newspaper business for the city of Vincennes, Indiana, with all equipment as now owned and operated by him, clear of all incumbrances for the sum of Twelve Hundred (* * *) Dollars, the receipt of which is hereby acknowledged, on the following conditions: The said H is to take charge and possession of said business on August 1, 1913, and to own and operate the same as his own, but to use M's name in getting his papers from the publishers, and H agrees to keep his bills paid promptly at the end of each month, and at any time he fails to meet his bills that are made in M's name M has the privilege of paying them and selling and transferring said agency to other parties, and after taking out amount of all bills paid by M, then pay what, if any remains, to H (And it is further agreed that at any time that H can give to the different news publishing companies that furnish this agency papers a bond acceptable to them, and they will transfer the agency to H then M shall release and help make the transfer after receiving any moneys he may have paid for H).

"This contract made in duplicate this July 24th, 1913.

Ira F. Miller<br>.his<br>C. F. + Haney."<br>mark

Appellant did not read to appellee the last clause of said contract, (placed in parentheses, *supra*), but instead thereof appellant falsely and knowingly read it to appellee and stated to him that it read as follows:

"It is further agreed that if the different News Publishing Companies refuse to furnish the said second party the papers and will not transfer the agency to the second party, that the first party shall repay to the second party all moneys he shall have paid to the first party."

Appellee relied on the statement of appellant that the contract contained the provision last set out, and so believing, and having no knowledge or information to the contrary, signed the contract and paid to appellant $1,200. Appellant knew that the contract as written did not contain said provision, but fraudulently stated to appellee that it did for the purpose of cheating and defrauding appellee.

Appellant does not make his objections to this second paragraph very clear, but, as we interpret them, they are to the following effect: (1) Where the fraud relied on is based upon the execution of a written contract, the plaintiff, if he can himself read, and fails to read such contract, is guilty of such negligence as will defeat recovery; and if he cannot read, he must have "some one in whom he has a right to impose confidence and trust" to read it, for him, and his failure to procure such other person to read it for him is such negligence as will defeat his recovery, unless by some trick or artifice practiced by the defendant he was induced not to have it read by such other person. (2) That a plaintiff who cannot himself read and who seeks to recover damages for alleged fraud perpetrated on him in the execution of a written contract by the false representation and reading of its contents, will be charged with any part of the contents of such contract correctly represented and read to him which puts him on inquiry; and his failure to make such inquiry will defeat his recovery for damages for any imposition which might have been disclosed and avoided by such inquiry.

Appellant has cited no case, and we know of none supporting his contention. The averments indicated *supra* show a positive fraud perpetrated by appellant on appellee in the representation and reading of the contents of said written contract whereby

appellant negotiated said sale of his business for said sum of $1,200.

For the purposes of determining which of two apparently innocent persons should suffer a loss for which neither was intentionally responsible, a court 5. may very properly invoke the rule of law which favors the diligent rather than the negligent, careless or indifferent; but both reason and justice appeals to the conscience of a court against the application of such rule for the purpose of enabling or assisting one who has intentionally and successfully perpetrated a positive fraud, in the manner indicated in said second paragraph of complaint, in retaining the profits of his fraud. *Kemery* v. *Zeigler* (1911), 176 Ind. 660, 96 N. E. 950, 954, and cases cited; 1 Bigelow, Fraud 522-526. The law governing cases of this character, as expressed in the decisions herein cited, leave no doubt as to the sufficiency of each of the paragraphs of complaint as against each of the objections indicated.

Appellant next challenges the action of the trial court in overruling his motion for new trial, and in his first point or proposition thereunder, states the first 6. three grounds of said motion, viz.: that the verdict is not sustained by sufficient evidence, is contrary to law, and is contrary to the law and the evidence. This point is followed with a statement that, "no verdict can stand or rest upon evidence outside the issues in a cause, that not only evidence outside the issues is void but all instructions outside of the issues are erroneous." The legal propositions announced are not pertinent to the alleged erroneous rulings under which they are cited, and if they were, there is no attempt made under said points to indicate the evidence or the instructions claimed to be outside the issues. General statements or propositions of the character indicated present no question. *Inland Steel Co.* v. *Smith* (1906),

168 Ind. 245, 252, 80 N. E. 538; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 460, 78 N. E. 1033; *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 108 N. E. 160.

Appellant's next point is that "the damages assessed by the jury are excessive," and in connection therewith and following it are propositions which might be pertinent as a criticism of an instruction on the measure of damages, but nothing is suggested that would warrant this court in reversing the judgment below on account of the damages being excessive. As affecting this question, we might add that the record discloses that in a former trial of the case, a jury returned a verdict for $1,200.

Appellant in one of his points also challenges the ruling of the court on each of the instructions given and refused, and follows this challenge with general 7. propositions of law which may or may not be applicable to some one or more particular instructions, but no particular instruction is pointed out or referred to in said points and authorities as being objectionable or erroneous, and no specific objection is made to any particular instruction. The points and authorities in such respect are not aided by the argument. *Michael* v. *State, ex rel.* (1914), 57 Ind. App. 520, 108 N. E. 173; *German Fire Ins. Co.* v. *Zonker, supra; Wolf* v. *Akin, supra,* and cases cited; *Pittsburgh, etc., R. Co.* v. *Greb, supra.* It follows that no question affecting instructions is presented by the brief.

The judgment is affirmed.

NOTE.—Reported in 116 N. E. 21. Fraud: purchaser's lack of diligence as bar to recovery in action against seller for false representations, 32 Am. St. 384, 387. See under (2-5) 20 Cyc 32, 55, 98, 101.