VANDALIA COAL COMPANY *v.* BUTLER.

[No. 9,472. Filed March 19, 1918. Rehearing denied June 28, 1918.]

1.  MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.
    —Sufficiency.*—In an action against the master by a servant for personal injuries, the complaint, drawn under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, and predicating the action on the negligence of a fellow servant in starting a mine car, crushing plaintiff's hand, *held* sufficient as against demurrer. p. 251.

2.  PLEADING.—*Complaint.—Motion to Make Specific.*—In an action for personal injuries, where the complaint stated facts sufficient to constitute a cause of action under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, on the theory that plaintiff was injured through the negligence of a fellow servant, the .overruling of a motion made under the act of 1915, Acts 1915 p. 123, §343a Burns' Supp. 1918, to require plaintiff to state facts

to sustain allegations denominated as conclusions, which were not necessary to state a cause of action, is not reversible error. p. 252.

3. APPEAL.—*Review.—Harmless Error.—Ruling on Motion to Strike Out.*—A judgment will not be reversed because of the overruling of a motion to strike out allegations from the complaint, especially where the appellant fails to show in his brief that any evidence was submitted on such allegation and in view of the fact that the instructions limited the jury's consideration of the complaint to a theory not involving the objectionable allegations. p. 253.

4. TRIAL.—*Opening Statement to Jury.—Discretion of Court.—Reading from Complaint.*—The extent of the opening statement of a case to the jury is left largely to the discretion of the trial court and to permit the reading of the entire complaint would not ordinarily be an abuse of such discretion, although where the complaint contains matters of surplusage which might tend to prejudice the jury, the court may, on proper objection, exclude the reading of such portion, but to be available an objection thereto should be directed to the averments claimed to be prejudicial and not to the whole complaint. p. 254.

5. APPEAL.— *Review.— Evidence.— Admissibility.— Discretion of Court.*—In an action against the master by a mine worker for injuries sustained when his hand was crushed under a mine car, it was within the discretion of the trial court, and, in the absence of proof of an abuse thereof, not reversible error to permit plaintiff's witnesses to testify as to the customs and rules of the master's mine, including conversations with, and directions of, the mine boss and boss driver, and to detail incidents by which they became acquainted with such customs and rules, notwithstanding the existence thereof was admitted by the master. p. 256.

6. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action for personal injuries sustained in a mine accident, the admission of certain evidence to prove a custom or rule in the master's mine, even though erroneous, was harmless, where such rule was established not only by competent evidence, but was expressly admitted by the master. p. 256.

7. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.—Cure by Instruction.*—In a servant's action for personal injuries, error, if any, in the admission of evidence as to the expectancy of life of the plaintiff, a boy fourteen years of age, and the amount of his earnings per day, was cured by an instruction that, in assessing damages, his ability to earn money and a livelihood after, but not before, he reached the age of twenty-one years, should be considered. p. 257.

8. APPEAL.—*Waiver of Error.*—Briefs.—Grounds for a new trial are waived where appellant fails to direct a point thereto in its brief. p. 257.

9. APPEAL.—*Review.—Exclusion of Evidence.—Sustaining Objections.—Failure to State Grounds of Objection.*—That the trial court sustained objections to the admission of evidence without any grounds for the objections being given does not render the rulings erroneous, since, where evidence is excluded it is not necessary that the grounds of objection should appear, as it is immaterial whether any objection was advanced at the time of the ruling. p. 258.

10. WITNESSES.—*Cross-Examination.—Scope.—Discretion of Court.*—The extent to which a cross-examination of a witness may be carried rests within the sound discretion of the trial court and a cause will only be reversed for an abuse of such discretion. p. 258.

11. APPEAL.—*Presenting Questions for Review.—Exclusion of Evidence.*—In order to present error on the refusal of the trial court to admit certain evidence on direct examination, appellant should have made offers to prove at the time the objections were sustained and such fact must be shown by appellant in its brief. p. 259.

12. APPEAL.—*Review.—Argument to Jury.—Reading From Transcript of Evidence.*—It was not error to permit counsel reading to the jury in the course of his argument what he claimed to be a transcript of a part of the evidence furnished by the official reporter, especially where the court instructed the jury not to consider as evidence what was read from such transcript, but to rely solely upon their memory. p. 259.

13. APPEAL.—*Briefs.—Sufficiency.—Abstract Propositions of Law.*—The statement of a number of abstract propositions of law under the head "Instructions" in appellant's statement of propositions and points is not sufficient to present any question with reference to the trial court's ruling on instructions, since the brief fails to comply with Rule 22, cl. 5, of the rules of the Supreme and Appellate Courts, governing the preparation of briefs. p. 260.

14. APPEAL.—*Presenting Questions for Review.—Briefs.—Points and Authorities.*—Under Rule 22, cl. 5, of the Supreme and Appellate Courts, providing that no alleged error or point not contained in the statement of points shall be raised afterwards, either by reply brief or in oral or printed argument, where appellant, in attempting to present rulings on instructions for review, fails to comply with such rule in the preparation of its briefs by not presenting the alleged error in its statement of points, it cannot afterward present such questions by way of argument. p. 261.

15.  MASTER AND SERVANT.—*Injuries to Servant.—Action.—Instructions.—Violation of Penal Statutes.*—In a servant's action against the master, a mine operator, for personal injuries, defendant's requested instruction that, if at the time of the injury plaintiff was under the age of fourteen years, he was working in defendant's mine in violation of a penal statute and could not recover, was properly refused, since the fact that a person violating a penal statute when he receives an injury caused by the negligence of another will bar a recovery only when the unlawful act is a contributory cause, and not when it is merely a condition or attendant circumstance,  p. 261.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Jonas Butler, by his next friend, Charles E. Butler, against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Alvin Padgett* and *Henry W. Moore,* for appellant. *J. F. Weisman, W. R. Gardiner, C. K. Tharp* and *C. G. Gardiner,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant to recover damages on account of injuries alleged to have been sustained by him while in the employ of appellant in its coal mine. The complaint on which the cause was tried is drawn under what is known as the Employers' Liability Act of 1911. Acts 1911 p. 145, §8020a *et seq.* Burns 1914. The first paragraph alleges, among other things, in substance, that on November 20, 1913, appellee and his father, who appears in this action as his next friend, were in the employ of appellant as loaders in a certain room of its coal mine; that on said date one Elmo Allen was in the employ of appellant as a driver to haul empty cars into said room and loaded cars out of said room by the use of a mule; that

such cars were operated over a track constructed on a descending grade from the face of the coal, where such cars were loaded, to the entry; that by reason of such fact it was necessary to chock such cars so as to keep them in place while being loaded; that strips of wood placed on such track under the front wheels of such cars were used for such purpose; that in taking such cars from said room it was necessary to remove such chocks; that it was a custom and rule in the mine that, when a driver was ready to pull a car so chocked from a room in which it was loaded, the loaders should assist the driver in removing such chocks; that in so doing one loader would remove the chock from the wheel on one side of the car and another loader would remove the chock from the wheel on the other side of the same; that in removing such chocks it was the duty of the driver to give directions when the same should be removed, and it was the duty of such loaders to obey and conform to such directions; that on said date the said Elmo Allen, as such driver, hitched a mule to a loaded car to remove it from the room in which appellee and his father were working as loaders; that each of such loaders took their places at the front end of such car to remove the chocks under the wheels thereof when ordered so to do by such driver; that the driver thereupon directed said loaders to remove the chocks, and, about the same time, negligently caused said mule to suddenly start the car; that appellee, on receiving such directions, attempted to obey the same by removing one of the chocks, and while so doing his left hand was caught and crushed between the wheel, chock and rail before he could remove the same; that such injury was caused solely by the negligence of

appellant, through the driver, as its agent, servant and employe, while appellee, without fault on his part, was conforming to an order he was under obligation to obey, by the directions of appellant, to his damage in the sum of $15,000.

The second paragraph of the complaint alleges, among other things, substantially the same facts as the first paragraph thereof, except that it does not allege that appellee received the injuries for which he sues by reason of obeying and conforming to any order or direction given by appellant or by any of its agents or employes. It alleges that he received such injuries by reason of the facts that said driver carelessly and negligently started the mule to haul the car of coal at the time appellee stooped and got ready to remove the chock from under the wheel of said car and thereby caused said mule to pull said car over said chock and appellee's hand while he was in the act of removing said chock and before he had time so to do. It also contains certain allegations with reference to the tools, implements, and appliances furnished by appellant to appellee for the purpose of the performance of such work, being dangerous, defective, insufficient, and extrahazardous. Appellant filed a demurrer to each paragraph of the complaint, which was overruled. It also filed a motion to require appellee to state facts necessary to sustain certain alleged conclusions set out in said second paragraph of the complaint, which was also overruled. It also filed a further motion asking the court to strike out and reject certain specified parts of each paragraph of the complaint, which was overruled. Appellant then filed an answer in general denial, and the cause was submitted to a jury for trial on the issues thus formed. A verdict was re-

turned in favor of appellee for $3,000 and judgment was rendered accordingly. Appellant filed a motion for a new trial, which was overruled. It now prosecutes this appeal, and has assigned appropriate errors, challenging the action of the court in the several rulings indicated, to which proper exceptions had been reserved.

Appellant contends that the court erred in overruling its demurrer to each paragraph of the complaint, as neither of such paragraphs state facts sufficient to constitute a cause of action against it. It states its objections as follows: (1) The first paragraph shows on its face that the alleged order was in no sense an order, but was purely and only a signal from the driver to the loaders informing them that he was ready to do the spragging; (2) neither paragraph alleges that, in responding to the signal, it was necessary for appellee or his father to place their hands, or either of them, under the car wheel, or that they were required or expected to do anything which required time; (3) neither paragraph alleges that reasonable time was not given and allowed; (4) the second paragraph alleges that the chocks were removed at a signal from the driver "as said driver would cause the mule to start said car," leaving the only reasonable inference to be that the pulling of the chocks and the starting of the mule was to take place at the same time. We have examined the complaint, in the light of these objections, and find that each paragraph contains allegations of facts, either directly stated, or fairly and reasonably implied, sufficient to constitute a cause of action on the theory adopted by the court on the trial of the cause. Under the rules for construing a complaint

as stated in the well-considered case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, we hold there was no error in overruling appellant's demurrer.

The second paragraph of the complaint contains a number of allegations with reference to the places, ways, means, methods, management, tools, implements, equipment, appliances, etc., being defective, dangerous, insufficient, and hazardous, and as to knowledge thereof by appellant, its agents, servants, employes and officers, long before the happening of the grievances complained of, and charges carelessness and negligence in adopting, furnishing and using the same, etc. In the formation of the issues, appellant claimed that such statements were conclusions, and filed a motion under an act approved March 5, 1915 (Acts 1915 p. 123, §343a Burns' Supp. 1918), to require appellee to state facts necessary to sustain the same. This motion was overruled and appellant predicates error on such ruling. The motion is long, and no good purpose could be served by setting it out in full, as we have sufficiently indicated the character of the alleged conclusions for the purpose of a determination of the question raised. The motion itself is not strictly formal, as it fails to set out wherein such paragraph is insufficient as required by such act. By waiving such informality, and considering the motion on its merits, we are unable to agree that the court committed reversible error in overruling the same. It was held under a former act, of which the act of 1915 is an amendment, that it is only those conclusions which are necessary to the sufficiency of the pleading that are affected thereby. *Premier Motor Mfg. Co.* v. *Tilford* (1916),

61 Ind. App. 164, 111 N. E. 645; *S. W. Little Coal Co.* v. *O'Brien* (1916), 63 Ind. App. 504, 113 N. E. 465, 114 N. E. 96; *Indiana Mfg. Co.* v. *Coughlin, Admr.* (1917), 65 Ind. App. 268, 115 N. E. 260. The act as amended is not changed in this regard, and hence such decisions are still controlling. The paragraph of complaint to which such motion was addressed was drawn under the Employer's Liability Act of 1911, *supra,* and proceeded on the theory that appellee received his alleged injuries by reason of the negligence of a fellow servant in the employ of appellant, as determined by the trial court. It contains facts sufficient to constitute a cause of action on such theory, independent of any matters properly denominated as conclusions in such motion. There was therefore no available error in overruling such motion.

Appellant also filed its motion to strike out and reject certain parts of each the first and second paragraphs of the complaint, and assigned reasons 3.  therefor. The parts sought to be stricken out of the first paragraph of the complaint relate to certain alleged instructions given by appellant to its drivers and loaders with reference to moving loaded cars from its mine and with reference to the duty of appellee, as a loader, to obey the orders of the driver in removing the chocks, on the occasion he received his alleged injuries. Such allegations were allegations of facts, clearly pertinent to the theory on which such paragraph is drawn, and the court did not err in refusing to strike out the same. The parts of the second paragraph of complaint which appellant sought to have stricken out were mainly the same matters alleged in his former motion

to be conclusions and were of the nature indicated, *supra.* They are not set out in full because of their length, and a restatement of the same is unnecessary here. It has been held that a judgment will not be reversed on account of the overruling of a motion to strike out: *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 99 N. E. 734. Moreover, appellant has failed to show in his brief that there was any evidence submitted to the jury on the allegations which it sought to have stricken from said second paragraph of complaint. We may therefore indulge the presumption that there was none, since the burden rests on appellant to show error. Taking this fact in connection with the further fact that the court by an instruction given at the request of appellant, in effect, limited the consideration of the jury, as to such paragraph, to a theory which in no way involved such alleged objectionable allegations, it is clear that the overruling of such motion, if error, was harmless. *Portland, etc., Mach. Co.* v. *Gibson* (1916), 184 Ind. 342, 111 N. E. 184.

Appellant contends that the court erred in permitting appellee's counsel, in his opening statement, to read to the jury the second paragraph of the complaint, over its objection. The statute governing trials by jury provides that, when the jury has been sworn, the party upon whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it. §558 Burns 1914, §533 R. S. 1881. The Supreme Court has held that the extent of such statement is left much to the discretion of the trial court. *Aylesworth* v. *Brown* (1869), 31 Ind. 270; *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372, L. R. A.

1917B 984.  It is evident that, as a general rule, the action of the court in permitting a reading of the entire complaint to the jury would not be an abuse of such discretion.  If, perchance, any portion of a complaint, or any paragraph thereof, contains matters of surplusage which is of such a nature that it might reasonably tend to prejudice the jury in the trial of the cause, the court on a proper objection, in the exercise of its discretion, might exclude the reading of such portion in the opening statement without committing error.  The record in this case discloses that appellant's objection to the reading of the complaint in appellee's opening statement was not limited to any specific portion of the same, but was addressed to the reading of the complaint as an entirety, without offering any reason for such objection.  In its brief it does not claim that the first paragraph contains anything not proper to have been read to the jury in such statement.  As to the second paragraph, it confines its objection to the matter indicated, *supra,* which in making the issues it had claimed were conclusions and had sought first to have sustained by allegations of facts and later to have stricken out.  It is not contended in this court that the reading of the remaining portion of such second paragraph was error.  It thus appears that appellant's objection in regard to such opening statement was too broad to be available, even if it could be said that any specific portion of such second paragraph should have been excluded on a proper objection.  *Southern R. Co.* v. *Adams* (1913), 52 Ind. App. 322, 100 N. E. 773.  However, we may add that had such objection been limited to the reading in such opening statement of that portion of such second

paragraph on which it now predicates error, the overruling of such objection would not have been reversible error, for the reasons stated *supra* in passing on the action of the court in refusing to strike out such allegations in the formation of the issues.

Appellant complains of the admission of certain detailed evidence, relating to the custom and rule of the mine, that the loaders should help the drivers under certain conditions, including certain conversations with and directions of the mine boss and boss driver. It contends that such custom and rule could have been so stated by the witnesses in the first instance, without detailing the incidents by which they became possessed of a knowledge of such fact, and cites the case of *Conner* v. *Citizens' St. R. Co.* (1896); 146 Ind. 430, 45 N. E. 662, in support thereof. But, conceding this to be true, it does not follow that the court erred in permitting the witnesses to detail such incidents, notwithstanding appellant admitted the existence of such custom and rule on the trial of the cause. The admission of such evidence under the circumstances was within the sound discretion of the court, and, in the absence of a showing of an abuse thereof, its admission does not constitute reversible error.

Complaint is also made of the ruling of the court in permitting the witness Dave Fulkerson to state what Fred Brooks, a boss driver of appellant, had said to him after the accident with reference to getting the assistance of the loaders in helping with the cars. It is apparent that such evidence was introduced as tending to establish a custom or rule in appellant's mine. It is claimed that such ruling is error, as it relates to a transaction

occurring after the injury to appellee on which this action is based. It may be conceded that the admission of such evidence, unless related to the time of the accident under consideration by other evidence, was erroneous, as a subsequent custom or rule of itself was immaterial. However, the admission of improper evidence is not reversible error if harmless. *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 37 N. E. 343; *Ohio Valley Trust Co.* v. *Wernke, supra; Domestic Block Coal Co.* v. *DeArmey, supra.* The evidence in question comes within the rule stated, as the existence of such custom and rule was not only proved by competent evidence, but was expressly admitted by appellant on the trial.

Appellant predicates error on the action of the court in admitting in evidence that the expectancy of a boy fourteen years of age is 46.06 years, and also in admitting evidence as to what appellee's earnings were per day, while working in the room where he received his alleged injuries. It will be noted that such evidence was directed solely to the question of damages. Appellant assigned as one of the causes for a new trial that the damages assessed by the jury are excessive, but it has waived such assignment by failing to direct a point to it in its brief. Under such circumstances any error in the admission of such evidence is not available. *Sovereign Camp, etc.* v. *Latham* (1915), 59 Ind. App. 290, 107 N. E. 749; *Chicago, etc., R. Co.* v. *Brown* (1917), 66 Ind. App. 126, 115 N. E. 368; *Chicago, etc., R. Co.* v. *Prohl* (1917), 64 Ind. App. 302, 115 N. E. 962. Moreover, the record discloses that the jury was told by the court, in instruction No. 12, given on its own motion, in effect, that if it

found for appellee it would be proper, in fixing his damages, to consider his ability to earn money and a livelihood after he arrived at the age of twenty-one years, but that it would not be authorized to assess any damages in appellee's favor on account of anything he might have been able to earn before he arrived at the age of twenty-one years. For this further reason no reversible error was committed in the admission of such evidence.

Appellant in its motion for a new trial gives among its reasons therefor that the court erred in sustaining objections to certain questions which it asked

9. appellee's witnesses on cross-examination, and also erred in sustaining objections to certain questions which it asked its own witnesses on direct examination. The sole ground on which such alleged errors are based, as appears from appellant's propositions and points, is that the court sustained said several objections without any reasons being given therefor. Such fact did not render the rulings erroneous. It has been held that where evidence is excluded, it is not necessary that the ground of objection should appear, as it is immaterial whether any objection was advanced at the time of the ruling. *Abshire* v. *Williams* (1881), 76 Ind. 97; *Haas* v. *Cones Mfg. Co.* (1900), 25 Ind. App. 469, 58 N. E. 499; *Eckman* v. *Funderburg* (1914), 183 Ind. 208, 108 N. E. 577. Appellant further states in its proposition and points, with reference to the exclusion of evi-

10. dence on cross-examination, that the questions asked were well within the scope of the direct examination. It is well settled that the cross-examination of a witness, and the extent to which it may be carried, rests in the sound discretion of the trial court,

and only an abuse of this discretion is a cause for reversal on appeal. *Shields* v. *State* (1897), 149 Ind. 395, 49 N. E. 351; *Smith* v. *State* (1905), 165 Ind. 180, 74 N. E. 983; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039. While a portion of such cross-examination may have been admissible, it was not of such a character that we can say that its exclusion was an abuse of discretion, and hence there is no available error in that regard. As to so much of such alleged error as relates to the exclusion of evidence on direct examination, we note that appellant does not show in his brief that any offers to prove were made at the time of such rulings. Such offers to prove were necessary in order to present any questions on appeal with reference to the action of the court in concluding such evidence. *Cohen* v. *Reichman* (1913), 55 Ind. App. 164, 102 N. E. 284; *Williams* v. *Chapman* (1902), 160 Ind. 130, 66 N. E. 460. It is also necessary that such fact be shown by appellant in his brief, in order to have such questions considered by this court. *Hitz* v. *Warner* (1911), 47 Ind. App. 612, 93 N. E. 1005; *Harmon* v. *Pohle* (1910), 46 Ind. App. 369, 92 N. E. 119. Such omission leaves nothing for our determination in that regard.

Appellant contends that the court erred in permitting one of the attorneys for appellee to read to the jury in the course of his argument what he claimed was a transcript of a part of the evidence furnished him by the official reporter. The record shows that appellant objected to such reading, and the court overruled such objection, but it is not shown, except inferentially, that any portion of such transcript was in fact read to the jury. But, if we assume that it was so read, we cannot say that

the court erred in overruling appellant's objection thereto. It has been held that to permit counsel in his argument to read from a paper which he claims contains a copy of certain testimony furnished to him by the official stenographer was within the sound discretionary power of the trial court. *Chicago, etc., R. Co.* v. *Gorman* (1915), 58 Ind. App. 381, 106 N. E. 897. It has also been held that to permit an attorney in argument to read to the jury what he claimed to be an extract from the evidence made by the stenographer from her shorthand notes was not error. *Reed* v. *State* (1897), 147 Ind. 41, 46 N. E. 135. Moreover, the record discloses that the court instructed the jury as follows: "The jury is instructed now that they cannot take as evidence in the case, what has been read from the paper from the stenographer, but that they must rely solely upon their memory, as to what the evidence in the case was, as it came from the witness stand." This action of the court left appellant without ground for complaint, even if it could be said that the reading of such paper was in any sense improper. *Southern R. Co.* v. *Adams, supra; Ohio Valley Trust Co.* v. *Wernke, supra; Cleveland, etc., R. Co.* v. *Simpson* (1915), 182 Ind. 693, 104 N. E. 301, 108 N. E. 9; *Louisville, etc., R. Co.* v. *Montgomery* (1917), 186 Ind. 384, 115 N. E. 673.

Appellant in its motion for a new trial alleges that the court erred in giving certain instructions, and in refusing to give certain instructions tendered 13. by it, but has failed to present any question thereon for the determination of this court, as required by clause 5 of Rule 22, governing the preparation of briefs, except as to the error of the court in refusing to give instruction No. 22, tendered by it.

A number of abstract propositions of law are stated under the heading "Instructions" in appellant's statement of propositions and points, but this is not sufficient to present any question with reference to the instructions given, or tendered and refused, as has been repeatedly held by both courts of appeal in this state. *Mutual Life Ins. Co.* v. *Finkelstein* (1915), 58 Ind. App. 27, 107 N. E. 557; *German Fire Ins. Co.* v. *Zonker* (1915), 57 Ind. App. 696, 108 N. E. 160; *New* v. *Jackson* (1912), 50 Ind. App. 120, 95 N. E. 328; *Knapp* v. *State* (1907), 168 Ind. 153, 79 N. E. 1076, 11 Ann. Cas. 604; *Schondel* v. *State* (1910), 174 Ind. 734, 93 N. E. 67; *Chicago, etc., R. Co.* v. *Biddinger* (1916), 63 Ind. App. 30, 113 N. E. 1027; *Indiana Mfg. Co.* v. *Coughlin* (1917), 65 Ind. App. 268, 115 N. E. 260; *Miller* v. *Haney* (1917), 64 Ind. App. 406, 116 N. E. 21; *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9.

We note that appellant has undertaken to present certain questions relating to the instructions given and refused by way of argument, but this will 14. not suffice, as it has been repeatedly held that no error not properly presented as required by said Rule 22 can be raised afterwards in the brief or reply brief, or in oral or printed argument, or in a petition for rehearing, but will be considered waived. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58; *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 97 N. E. 155; *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788; *Wolf* v. *Akin* (1914), 55 Ind. App. 589, 104 N. E. 308; *Moore* v. *Ohl, supra.*

Instruction No. 22 tendered by appellant and refused by the court is as follows: "The court now

instructs you that if you should find from the evidence that the plaintiff, Jonas N. Butler, was at the time when he received the injury complained of working in defendant's mine and that he was at said time a person under the age of fourteen years, then the said Jonas N. Butler was working in violation of a penal statute of the State of Indiana; was engaged in an unlawful act; and cannot recover in this cause of action and your verdict should be for the defendant." We cannot agree that the court erred in refusing to give this instruction. It is well settled that the mere fact that a person is violating a penal statute when he receives an injury caused by the negligence of another will not of itself bar a recovery. Whether such fact will have such effect depends on the relation between such violation and such injury. If such unlawful act was a contributing cause of such injury, then it will bar a recovery, but if it is merely a condition, or attendant circumstance, it will not have such effect. As the instruction in question violates this rule, it was therefore properly refused. *Dudley* v. *Northhampton St. R. Co.* (1909), 202 Mass. 443, 89 N. E. 25, 23 L. R. A. (N. S.) 561; *Moran* v. *Dickinson* (1910), 204 Mass. 559, 90 N. E. 1150, 48 L. R. A. (N. S.) 675; *Ensley, etc., Co.* v. *Otwell* (1912), 142 Ala. 575, 38 South. 839, 4 Ann. Cas. 512; *Henning* v. *New Haven* (1910), 82 Conn. 661, 74 Atl. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240; *Hughes* v. *Atlanta Steel Co.* (1911), 136 Ga. 511, 71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C 394. This rule renders it unnecessary for us to consider the further question as to whether appellee was in fact violating a penal statute if working in a mine in this state while under the age of fourteen years. Suffice it to say that the statute in question

was evidently enacted primarily for the welfare of the state in an exercise of its police power, and a mine operator cannot use it as a shield to protect himself from liability for negligence resulting in injury. *Inland Steel Co. v. Yedinak* (1909), 172 Ind. 423, 87 N. E. 229, 139 Am. St. 389.

Certain other alleged errors are stated in the motion for a new trial which we have not considered, as they are not presented in appellant's brief.

We conclude that the court did not err in overruling such motion, and that there is no available error in the record. Judgment affirmed.

NOTE.—Reported in 119 N. E. 34. Master and servant: whether the fact that a miner was working in violation of statute forbidding his employment prevents a recovery by him for personal injuries, 48 L. R. A. (N. S.) 675. See under (1) 26 Cyc 1384; (4) 38 Cyc 1472, 1482; (12) 38 yc 1483, 1502; (15) 26 Cyc 1091.