ROLER ET AL. *v.* ROLER ET AL.

[No. 18,050. Filed January 26, 1951.]

*Horace C. Holmes,* of Tipton, and *Campbell, Gemmill, Browne & Ewer,* of Marion, for appellants.

*Frank B. Russell,* of Tipton, and *Van Atta, Batton & Harker,* of Marion, for appellees.

ROYSE, J.—Appellees brought this action against appellants to contest the last will and testament of Luella Roler, deceased. The complaint was in one paragraph and charged (1) that at the time said pretended will was attempted to be executed said decedent was a person of unsound mind; (2) that the execution of said will was procured by undue influence. Trial to a jury resulted in a verdict in favor of appellees. Judgment accordingly.

Under proper assignment of error appellants challenge the judgment on two grounds: First, they say the trial court erred in refusing to withdraw the issue of undue influence from the jury because there was no evidence from which even an inference could be drawn to support this issue.

The record discloses the following:

"at the conclusion of plaintiff's evidence and after plaintiffs have rested their case, the defendants now make an oral motion to the court to instruct the jury to find for the defendants on the issue of undue influence tendered in this case, which motion the court now overrules, to which ruling the defendants at the time except."

In our opinion the above quoted motion of appellants was not a motion to withdraw the question of undue

influence from the consideration of the jury, but was in fact a motion for a directed verdict on that question. This was not proper and therefore the court did not err in refusing to sustain said motion. *Hamling* v. *Hildebrandt et al.* (1948), 119 Ind. App. 22, 81 N. E. 2d 603, 605 (Transfer denied), and authorities there cited. Furthermore, if there had been error in this regard it was waived by appellants for each of the following reasons: (1) After this motion was overruled the appellants introduced evidence to support the validity of the will. At the conclusion of all the evidence they did not renew their motion. (2) Appellants tendered three instructions which were given by the court on the subject of what constitutes undue influence. In view of our conclusion on this question and the further fact that there is a general verdict including the issue of unsoundness of mind, it is unnecessary for us to decide whether there was sufficient evidence in the record to support the allegation of undue influence.

The appellants next contend the trial court erred in refusing to permit two of appellees' expert witnesses to answer a hypothetical question propounded by appellants. Substantially the same question was propounded to each witness. We do not believe it would serve any good purpose to set out the question herein. In our opinion the question was ambiguous, confusing, and in certain instances set out conclusions of the interrogator rather than facts. Therefore, we hold the trial court did not err in refusing to require the witnesses to answer the question. This is true even though appellees did not base their objection to the question on these grounds. *Eckman* v. *Funderburg* (1915), 183 Ind. 208, 210, 108 N. E. 577; *Vandalia Coal Company* v. *Butler* (1918), 68 Ind. App. 245, 258, 119 N. E. 34; 5 C. J. S., p. 1048, § 1739, citing

*Vandalia Railway Company* v. *Keys* (1910), 46 Ind. App. 353, 369, 91 N. E. 173 (Transfer denied).

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 96 N. E. 2d 284.