ANDERSON *v.* THE STATE.

CRIMINAL CIRCUIT COURTS.—The decision in the case of *Combs* v. *The State*, 26 Ind. 98, affirming the constitutionality of the law providing for the organization of Criminal Circuit Courts, approved.

ROBBERY.—INDICTMENT.—An indictment for robbery alleged that the accused on, &c., at, &c., "forcibly and feloniously took from the person of A, by violence and by putting him, the said A, in fear," certain personal property, which was described.

*Held*, that the indictment contained a distinct charge of everything necessary to constitute the crime of robbery under the statute.

CHANGE OF VENUE.—COUNTER AFFIDAVITS.—When an application is made for a change of venue in a criminal case, on account of local prejudice, it is not erroneous, but is eminently proper, for the judge to receive the sworn statements of reputable citizens to aid him in the exercise of the discretion confided in him by the law.

CONTINUANCE.—An application for the continuance of a criminal cause on account of the absence of a witness who was jointly indicted with the defendant, and was under bonds to appear for trial, was held to be insufficient because it did not show that any subpœna had been taken out for the witness, and did not negative the idea that the prosecution against the witness had been continued to a future day.

SEPARATION OF JURY.—It is error to permit the jury to separate during the trial of a criminal cause, without the consent of the accused.

APPEAL from the *Allen* Criminal Circuit Court.

RAY, J.—This was an indictment containing two counts. The first, under which the appellant was convicted, was a charge of robbery. The question as to the jurisdiction of the Criminal Circuit Court is presented in the brief of

the counsel, but as the point has been already passed upon, and the acts organizing that court held constitutional, we will not discuss it.  *Combs* v. *The State*, 26 Ind. 98.

It is objected that the indictment does not aver the robbery to have been done against the will of the injured party; that it does not show that the alleged violence or putting in fear was previous to the felonious taking; that it does not allege a felonious assault.  The language of our statute is, that "every person who shall forcibly and feloniously take from the person of another any article of value, by violence or putting in fear, shall be deemed guilty of robbery," &c.  The averment in the indictment is, "that at," &c., "on," &c., "the defendant forcibly and feloniously took from the person of *Alanson Tucker*, by violence, and by putting him, the said *Tucker*, in fear," certain described articles of property.  This is a distinct and clear charge of every ingredient required to constitute the crime, as defined by the statute.  The allegation that the property was taken "by violence and by putting in fear," certainly charges the taking as the result "of the violence and putting in fear," and as results follow causes, the precedence is easily and certainly determinable from the language used.

The next error assigned is, that the court received counter affidavits upon a motion to change the venue on account of local excitement and prejudice against the defendant. If it be correct to hold, as has been heretofore ruled, that the question of a change of venue in a criminal case, for the causes named, is a matter of absolute discretion with the court in which the application is made, and that the exercise of that discretion cannot be reviewed, it certainly cannot be error for the judge to hear affidavits for and against the application, and fully inform himself of the condition of the public mind in the locality.  It would not be reasonable to require him to exercise a discretion involving perhaps the life or liberty of the defendant, and yet close all avenues of information proper to guide his

judgment. When life or liberty may be at stake—when a suspicion, if well founded, that a presiding judge had yielded to the passion and prejudice that ruled the hour, would involve his dishonor, information through all legal sources should be rather sought than suppressed. A calm, dispassionate examination should be made, and the question determined whether or not, in that locality, at that time, a full and fair trial can be had of the issue between the State and the accused. It is in moments of public fury and frenzy, when acts of outrageous crime have excited the indignation of the community, that men mistake suspicion for certain evidence of guilt, and passion for proof. At such a time—in a community thus moved—no man should be put upon his trial. At such a time, unless the presiding judge, fully informing himself of the state of public feeling, disregards the prevailing excitement and calmly administers the law, the prisoner secures but the forms of a judicial trial. It is not error, but eminently proper, where, as here, circumstances are alleged to exist, for the court to receive the sworn statements of reputable citizens to aid in the exercise of a judicial discretion.

We have carefully examined the conflicting evidence upon the motion to change the venue, and without determining that we would, in any case, review the action of the court upon such a motion in a criminal case, we conclude that it would not be proper to do so in the case at bar.

It is assigned for error that the court overruled an application to continue the cause on account of the absence of one *Ryan*, who was jointly indicted with the appellant. It was desired to use him as a witness for the defense. No subpœna had been taken out for him, and although it is alleged that he was under bonds to appear for trial, it is not averred that his trial had not been continued to a future day. Under these circumstances, the service of a subpœna cannot be dispensed with.

The last error relied upon is the action of the court in permitting the jury to separate and mingle freely with the

community, upon each adjournment of the court during the progress of the trial, over the objection of the appellant. This was error. The law upon this subject has been long settled and acted upon in this State. It was first ruled in the case of *Jones* v. *The State*, 2 Blackf. 475; and under our present statute, in the case of *Quinn* v. *The State*, 14 Ind. 589, it was held to be error, in a trial under an indictment for a felony, to permit the jury to disperse during the trial, without the consent and over the objection of the prisoner. Our statute, requiring the judge to give a special charge at each adjournment, "where the jury are permitted to separate," does not change the rule of the common law in a trial for a felony, but is intended to protect the jury, as far as possible, from improper influences, when, by the consent of both the defendant and the State, they are released from the custody of the sworn officer of the court. The case of *Evans* v. *The State*, 7 Ind. 271, decided simply that it need not appear upon the record that the court gave to the jury the special charge required by the statute, when they were permitted to separate, nor that they were kept under the charge of a sworn officer, no objection or exception being made by the defendant. So far only has the authority of *Jones* v. *The State*, 2 Blackf. 475, been modified.

Upon the application for a change of venue, the clerk of the court stated upon oath, that "the feeling and prejudice is deep and extended, and I do not believe the defendant could get a fair trial in this county." Judge WORDEN was satisfied that the feeling and prejudice existed so strongly in the city of *Fort Wayne* against *Ryan*, who was jointly indicted with the defendant, that if the same sentiment extended to the country, he could not have a fair trial in the county. Prominent members of the legal profession, and many other most reputable citizens, stated that the feeling was so intense and extended, not only in the city, but through the country, that an impartial trial could not be obtained in the county. Counter statements were made, some denying that an excitement existed which would pre-

vent a fair trial. Evidence was introduced to show that no such feeling existed in the country as would render it impossible to select an impartial jury from that portion of the county. Under these circumstances, especially, a rule of criminal practice involving a substantial right, expressly claimed by the accused, should not be denied him, when it had been clearly declared by the highest judicial tribunal of this State, and constantly acted upon by the courts and legal profession for the past forty years. The fair administration of justice required that the jury should not be permitted to separate at each adjournment of the court, to mingle freely with the members of the very community among which it was so earnestly claimed the prejudice and excitement existed against the prisoner. The deliberate judgment of the community will at last sustain the courts in administering the rules of law under all circumstances.

For the error of the court in allowing the jury to separate during the progress of the trial, over the objection of the defendant, the judgment is reversed and the cause remanded for a new trial. Prisoner to be returned, &c.

*J. R. Coffroth*, for appellant.

*D. E. Williamson*, Attorney General, and *R. S. Taylor*, for the State.