## CHANDLER COAL COMPANY *v.* SAMS.

[No. 21,043. Filed June 24, 1908.]

1. CONSTITUTIONAL LAW.—*Class Privileges.—Coal Mines.—Lighting.*—Section 7 of the act of 1905 (Acts 1905, p. 65, §8575 Burns 1908), requiring coal mining companies to maintain lamps at the places where the miners get on and off of the cages, "except when electric lights are used," does not violate the 14th amendment of the federal Constitution, §23, Art. 1, or §23, Art. 4, of the state Constitution, inhibiting the granting of unequal privileges, since the statute assumes that mines provided with electric lights will have such places illuminated, that being the sole purpose of the provision. p. 625.

2. SAME. — *Class Privileges.— Coal Mines. — Number of Miners Engaged.*—Section 20 of the act of 1905 (Acts 1905, p. 65, §8590 Burns 1908), providing that such act shall apply to all mines "except to mines employing less than ten men," does not violate the 14th amendment of the federal Constitution, §23, Art. 1, or §23, Art. 4, of the state Constitution, inhibiting class legislation. pp. 627, 628.

3. CONSTITUTIONAL LAW.—*Classification.—Legislative Discretion.*—Where the legislature is invested with the power of making classifications, its exercise of such discretion cannot be controlled by the courts. p. 628.

4. TRIAL.—*Theory of Complaint.—Instructions.—Appeal.*—Where the theory of a complaint is attacked upon the ground that the statute upon which it is based is unconstitutional, and the instructions are attacked upon the same ground, a decision that such act is valid suffices as a decision upon the complaint and instructions. p. 629.

5. SAME.—*Instructions.—Assumption of Risk.—Mines.—Violation of Statute.*—An instruction that a coal miner does not assume the risk of his master's violation of the mining law, is correct. p. 629.

6. APPEAL.—*Failure to Set Out Evidence in Brief.*—Appellant's failure to set out, in words or substance, the evidence in the case constitutes a waiver of any question depending thereon. p. 630.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Action by William B. Sams against the Chandler Coal Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. Transferred from Appellate Court under §1397 Burns 1908, Acts 1901, p. 565, §13. *Affirmed.*

*D. H. Ortmeyer* and *George A. Cunningham,* for appellant.

*Thomas W. Lindsey,* for appellee.

JORDAN, J.—This appeal has been transferred from the Appellate Court on account of a constitutional question raised by appellant. The action was commenced by appellee in the trial court, to recover damages for personal injuries sustained on November 29, 1905, while he was at work as a miner in a coal mine operated by appellant. The action is based on section twenty-seven of an act entitled: "An act to revise the laws in relation to coal mines and subjects relating thereto, and providing for the health and safety of persons employed therein." Acts 1905, p. 65, §7455 Burns 1905. Said section (§7455, *supra*) gives a right of action against the operator of a coal mine for personal injury oc-

casioned by any violation of the act or any wilful failure to comply with its provisions.

The complaint alleges that the defendant is a corporation duly organized and doing business under and by virtue of the laws of the State of Indiana, and was such a corporation during the month of November, 1905, at the time plaintiff received the injuries "hereinafter described;" that the defendant is now, and was during the month of November, 1905, the owner and operator of a coal mine situate in Warrick county, Indiana, at or near the town of Chandler, and operated said mine by digging and hoisting the coal therefrom; that at the time plaintiff received the injuries hereinafter described defendant employed more than ten men in said mine; that the mine is not lighted by electricity; that plaintiff's injury was caused by defendant's negligence in failing to maintain and keep two lamps lighted at all times, as required by the statute, when the mine was in operation, one on each side of the shaft, not more than ten feet from said shaft, in each vein when men got on and off the cages; that it did not maintain any lamps at all at or near the cages in said mine, and had no light whatever at the bottom of the shaft where the men employed got on and off the cages.

Section seven of the statute in controversy (§8575 Burns 1908) provides that "the operator of every mine shall keep the top of every mine and the entrance thereto securely fenced off by vertical or flat gates, covering and protecting the mouth of such mine. Two lamps shall be kept lighted at all times when the mine is in operation, *except when electric lights are used,* one on each side of the shaft, not more than ten feet from said shaft in each vein where men get on and off the cages." (Our italics.)

A demurrer to the complaint was overruled. The answer was a general denial. Trial by jury, verdict in favor of plaintiff, awarding him $1,000 as damages. A motion for

new trial, assigning the statutory grounds, as well as the giving and refusing to give certain instructions, was denied. Judgment was rendered upon the verdict. The errors discussed and relied upon for a reversal are: (1) Overruling the demurrer to the complaint; (2) in giving and refusing certain instructions; (3) that by the evidence it appears that plaintiff was guilty of contributory negligence.

Counsel for appellant contend that sections seven and twenty of the act in question (§§8575, 8590 Burns 1908) are unconstitutional for the following reasons: (1) They deny to certain persons the equal protection of the law; (2) they grant to certain citizens or classes of citizens privileges and immunities which, upon the same terms, do not equally belong to all citizens; (3) they are not general and uniform in their operation upon all citizens in similar circumstances. It is insisted that each of these sections violates the 14th amendment of the Constitution of the United States, and also article 1, §23, and article 4, §23, of the state Constitution. The contention is that the phrase in §8575, *supra*, "except when electric lights are used," renders it invalid. The argument is advanced that this exception is not based upon any reasonable or just classification, and consequently is an unwarranted discrimination against coal mines in which no electric lights are used. It is asserted that there is no requirement that in any mine in which electric lights are used the two lights mentioned must be kept burning at the bottom of the shaft. Counsel for appellant concede that the danger which the legislature had in view, and intended to prevent by requiring that two lamps should be maintained at the points designated, was that which might be due to the darkness of the mine at such places. The legislature appears to have considered, however, that if the mine was already sufficiently lighted by electric lights, so that the darkness was dispelled at the places in the shaft where the miners got on and off the cages, it would not be necessary,

under the circumstances, in addition to the electric lights, to keep two other lamps burning during the time the electric lights were used. Or, in other words, the two lamps are required to be kept lighted "at all times" when the mine is in operation, except when the electric lights therein used afford sufficient light, at the places designated, to enable the miners, with reasonable safety, to enter the cages and alight therefrom. While section seven does not expressly require that the mine shaft be lighted with electric lights, nevertheless it proceeds upon the assumption that the mine is equipped with such lights, and if, when they are in use, they afford light sufficient at the points where the miners enter or alight from the cages, the operator will not be required to light the two lamps, as provided by the statute. It was not the intention of the lawmakers that the mine operator should do a useless thing. The exception in the section in question is manifestly just and legitimate. It merely relieves the mine operator of the burden of keeping the two lamps lighted at such times when the electric lights used in the mine afford sufficient light for the purpose intended.

Counsel for appellant argue that the exception in §8590, *supra,* that "the provisions of this law shall apply to all mines except to mines employing less than ten men,"

2. also operates to render the provisions of §8575, *supra,* invalid. It is asserted that this latter exception, limiting the application of the law to coal mines wherein ten or more men are employed, creates an unjust and unreasonable discrimination against mines employing more than ten men. This contention is untenable. It was discretionary with the legislature to limit the application of the statute to the larger mines wherein ten or more men are employed, and thereby exempt the small mines, in which but few men are employed, from the regulations and burdens of the statute which are more essentially applicable to mines wherein a large number of men are constantly employed. So far as the legislature was invested with the discretion of limiting

the application of the statute to coal mines employing ten or more men, it was the master of its own discretion. The classification contemplated by the legislature embraced mines of a capacity sufficient to employ at all times when in operation the services of ten, or more, men. In fact, it will be seen that in the past, in the enactment of statutes concerning coal mines, the legislature has repeatedly exercised its discretion in limiting the application of the law to coal mines in which ten, or more, men are employed. See §7458 Burns 1901, §5478 R. S. 1881, Acts 1881, p. 8, §3; §7434f Burns 1901, Acts 1897, p. 269, §6; §7482 Burns 1901, Acts 1893, p. 162.

The insistence that the statute is in whole or in part invalid because the classification is based upon the number of men employed, and is not applicable alike to small mines where but few men are employed, as well as to the larger mines, is as untenable as it would be to contend that the cities of this State could not, for the purpose of legislation pertaining thereto, be classified according to population, or, in other words, that the laws enacted for the government of the larger cities must also be made to apply alike and without discrimination to the small cities or towns of the State. The exemption of maintaining the two lights, as required by §8575, *supra,* extends to and embraces all coal mines in which electric lights are used, or, in other words, all mines under the same conditions are treated without discrimination. This is equally true in respect to all coal mines in which ten or more men are employed. Not only do the provisions or exceptions in question treat alike all mines under the same existing conditions, but the legislature, in making the classification, has brought within the provisions of the law all coal mines which are operated under the same conditions. Certainly it cannot, with any reason, be asserted that the statute violates §23 of our Bill of Rights, for it grants no immunities or privileges to one class of persons which, upon the same terms or conditions,

do not belong to all. The operators of all mines which use electric lights are exempted from keeping lighted the two lamps when the electric lights in such mines are in use. All mines wherein are employed ten or more men are subjected alike to the provisions of the statute, including those of §8575, *supra.* In *Bedford Quarries Co. v. Bough* (1907), 168 Ind. 671, 677, this court quoted with approval the following from *Lavallee* v. *St. Paul, etc., R. Co.* (1889), 40 Minn. 249, 41 N. W. 974: "Of course, the legislature must have the power to classify, when necessary, subjects for legislation, and make provisions for subjects within one class, without making them applicable to subjects in another; and the proper exercise of that power is not liable to the objection that it is class legislation."

It follows, and we so conclude, that neither of the exceptions in controversy violates any principle of constitutional law, either state or federal. The following authorities fully sustain our conclusion: *Johns* v. *State* (1881), 78 Ind. 332, 41 Am. Rep. 577; *Consumers Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 15 L. R. A. 505; *Hancock* v. *Yaden* (1890), 121 Ind. 366, 6 L. R. A. 576, 16 Am. St. 396; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319; *Bedford Quarries Co.* v. *Bough, supra,* and authorities cited.

The objections urged against the sufficiency of the complaint, and those interposed to the first, fourth, sixth, eleventh, twelfth and fifteenth of the court's instructions, all depend upon the validity of the provisions of the statute here involved. As we uphold the constitutional validity of the statute in question, it necessarily follows that the objections to the complaint, as well as to the charges of the court, are not well taken. The other instructions of which appellant complains, which were to the effect that appellee did not assume the risk due to appellant's failure to comply with the particular duty enjoined upon it by the statute, to maintain and keep lighted the two lamps at all times when its mine was in

operation, are sustained by the following decisions of this court: *Davis Coal Co.* v. *Polland, supra; Island Coal Co.* v. *Swaggarty* (1903), 159 Ind. 664; *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413.

We must decline to consider the third point advanced by appellant's counsel, that, under the evidence, it appears that appellee was guilty of contributory negligence, and therefore is not entitled to recover, for the reason that appellant has not complied with rule twenty-two of this court in setting out in its brief the evidence in the case. The evidence in the record embraces 263 pages of typewritten matter. Appellant, in its brief, in no manner professes to give a recital of the evidence in a narrative form, as required by the rule, but its statements in the main, in respect to the evidence, consist of mere conclusions of counsel preparing the brief that "the evidence discloses," etc., and the further statements that certain matters were proved, citing the court to the page and line of the record where such evidence may be found. Counsel for appellee has moved to dismiss the appeal, because of appellant's failure to comply with the rule in setting out the evidence, as well as in other respects. This motion, however, is overruled.

The record presents no available error. The judgment is therefore affirmed.