## FAULKNER v. STATE OF INDIANA.

[No. 24,356. Filed November 23, 1923.]

1. ROBBERY.— *Affidavit.*— *Assault with Intent.*— An affidavit charging assault and battery with a felonious intent to rob a named person under §2045 Burns 1914, Acts 1905 p. 584, is sufficient if it would be sufficient to allege that it was with the intent to commit robbery, for the exact words of the statute need not be used in an affidavit, if equivalent words are used, and the word "rob" embraces the taking from the person of another. pp. 665, 666.

2. INDICTMENT.— *Language of Statute.*— Where a statute defines an offense and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. p. 666.

3. INDICTMENT.— *Description of Offense.*— Where words in a statute defining a crime have a well defined meaning, it is sufficient to use such words, or their equivalent in charging the offense. p. 666.

4. ROBBERY.— *Affidavit.*— *Description of Offense.*— An affidavit which charges that the defendant "unlawfully and feloniously and in a rude, insolent and angry manner, * * * having the present ability so to do, did touch, beat, strike and wound B., then and there with felonious intent, then and there and thereby by violence and putting him in fear, to rob, take, steal and carry away the personal goods and chattels of the said B. then and there being against the will of the said B." etc., was a sufficient charge of assault and battery with intent to commit robbery, within §2246 Burns 1914, Acts 1905 p. 584. p. 667.

5. INDICTMENT.—*Motion to Quash.*—An affidavit is sufficient as against a motion to quash directed against it as a whole, if it sufficiently charges any offense. p. 667.

6. CRIMINAL LAW.—*Trial.*—*Separation of Jury.*—It is the practice in Indiana that in the trial of a felony, the jury should not be permitted to separate during the trial, over the objection of the defendant. p. 668.

7. CRIMINAL LAW.—*Trial.*—*Separation of Jury.*—While at common law it was not permissible for the jury to separate even with defendant's consent, under §2139 Burns 1914, Acts 1905 p. 584 which provides for the court admonishing the jury when they are permitted to separate, it is the general practice that a jury may be permitted to separate with defendant's consent. p. 669.

8. COMMON LAW.—*Modification by Courts.*—Courts will not change a rule of the common law governing the rights of a defendant in a criminal case, in the absence of a statute. p. 669.

From Huntington Circuit Court; *Sumner Kenner,* Judge.

Leon V. Faulkner was prosecuted by affidavit for assault and battery with intent to commit robbery. From a judgment of conviction, he appeals. *Reversed, with instructions.*

*William A. Branyan* and *Mart J. O'Malley,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—This was a prosecution by affidavit upon the part of the state against the appellant, charging him with the offense of assault and battery with intent to commit robbery.

The appellant filed a motion to quash the amended affidavit upon the grounds both that it did not state the offense with sufficient certainty and that the facts stated did not constitute a public offense. This motion was overruled, to which the appellant excepted and he then pleaded not guilty.

Upon a trial by jury, he was convicted and sentenced to the state prison for an undeterminate period of from ten years to twenty-one years. The appellant duly filed his motion for a new trial, which was overruled.

The appellant assigns as error the overruling of the

motion to quash the amended affidavit, and also the overruling of the motion for a new trial.

The affidavit was in substance as follows:

> "Philip Baker, being duly sworn on oath says: That Leon V. Faulkner on the 26th day of December, A.D. 1922, at and in said County and State aforesaid, did then and there unlawfully and feloniously and in a rude, insolent and angry manner, he the said Leon V. Faulkner then and there having the present ability so to do, did touch, beat, strike and wound Roscoe Buzzard, then and there being with felonious intent, then and there and thereby by violence and putting him in fear, to rob, take, steal and carry away the personal goods and chattels of the said Roscoe E. Buzzard then and there being against the will of the said Roscoe E. Buzzard contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

It is claimed by the appellant in support of his motion to quash, that the affidavit is defective because it fails to allege that he had an intention to take the goods "from the person of another."

This prosecution is based upon §2246 Burns' Supp. 1921, Acts 1921 p. 138, which first defines robbery as forcibly and feloniously taking from the person of another any article of value, by violence or by putting in fear. It then proceeds as follows: "Whoever perpetrates an assault or an assault and battery upon any human being, with *intent to commit robbery,* shall on conviction," etc.

The allegation in the affidavit that the assault and battery was committed with the felonious intent *to rob* the person named is sufficient if it would be suf-

1. ficient to allege that it was with the intent to *commit robbery,* for the reason that the exact words of the statute need not be used in an affidavit, but it is sufficient if equivalent words are used.   §2045

Burns 1914, Acts 1905 p. 584; *Riggs* v. *State* (1885), 104 Ind. 261.

The appellant claims, however, that all the circumstances or elements of robbery must be set out, and that one of the necessary elements of robbery is the *taking from the person* of another. The affidavit in question follows substantially the language of the statute, and in addition sets out the crime in much detail. Where the statute defines an offense and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. *State* v. *New* (1905), 165 Ind. 571; *State* v. *Closser* (1912), 179 Ind. 230; Gillett, Criminal Law §132a.

Where words used in a statute defining a crime have a well-defined meaning, it is sufficient to use such words, or their equivalent, in the indictment or affidavit charging the offense. The use of such words and expressions as "house of ill fame," "ravished," "murdered," etc., are words which have a well-defined meaning and their use is sufficient in an indictment. *Stuckmyer* v. *State* (1867), 29 Ind. 20; *Betts* v. *State* (1884), 93 Ind. 375; *Skinner* v. *State* (1889), 120 Ind. 127; *Johns* v. *State* (1902), 159 Ind. 413.

In *Stuckmyer* v. *State, supra,* the charge was attempt to provoke an assault and battery and it was objected because the term, "assault and battery," was not defined, or facts alleged which showed an assault and battery, but it was held sufficient to aver the fact generally without describing the acts employed.

The word "rob" has a well-defined legal meaning, which embraces the *taking from the person of another.* *Acker* v. *Commonwealth* (1880), 94 Pa. St. 284. In the above case, where the word "rob" was used, without averring that it was taken from

the person of another, it was contended that the indictment was defective because it did not allege that the money therein described was taken from the person of the prosecuting witness and against his will, but the court in disposing of this contention said: "It is not necessary that all the circumstances which enter into the definition of robbery at common law should be particularly averred in the indictment. The word *rob*, which is used, *ex vi termini*, includes all those circumstances, and it sufficiently appears that a taking from the person of the prosecutor and against his will, that being the legal definition of robbery, was substantially charged in the indictment."

4. The statute in question having defined the offense and stated what acts shall constitute a violation thereof, the affidavit was sufficient because it was substantially in the language of the statute.

5. The affidavit was also sufficient as against a motion to quash which attacked the whole affidavit, for the reason that it sufficiently charged an assault and battery. The motion to quash in this case was directed to the affidavit as a whole and it is well settled that if the affidavit sufficiently charges any offense it is good as against such a motion. *Zoborosky* v. *State* (1913), 180 Ind. 187, and cases cited.

There was no error in overruling the appellant's motion to quash the amended affidavit.

Complaint is made by appellant of the fact that after the jury was impaneled and sworn and the prosecuting attorney had made his opening statement, the court, over the written objection and motion of the appellant, permitted the jury to separate and go to their respective homes for the night. The record shows that the appellant, before such separation, filed a written request that they be kept together and objected to the separation, but that the court overruled this motion and ob-

jection and permitted the separation, instructing them, however, as the statute requires when they are allowed to separate. The record shows that upon the next day the court reconsidered its ruling and kept them together for the balance of the trial.

The action of the court in permitting such separation over the objection of the appellant was assigned as a cause for a new trial.

The appellant filed with his motion for a new trial supporting affidavits tending to show that a prejudice existed in the community where jurors resided, against the appellant. Each juror signed a counter-affidavit in substance admitting the separation from the one day till the next, but swearing that he talked to no one about the case and was influenced solely by evidence, instructions and argument.

If it is discretionary with the court to allow the jury to separate during the trial of a felony, then no abuse of such discretion is shown herein.

It has been uniformly held in Indiana and has generally been the practice, that in a trial of a felony, the jury should not be permitted to separate during 6. the trial, over the objection of the defendant. *Jones* v. *State* (1831), 2 Blackf. 475; *Quinn* v. *State* (1860), 14 Ind. 589; *Anderson* v. *State* (1867), 28 Ind. 22; Gillett, Crim. Law §890.

The attorney-general cites the case of *Evans* v. *State* (1855), 7 Ind. 271, as an authority to the contrary, but in *Anderson* v. *State, supra,* that case was distinguished and it was pointed out that the case of *Evans* v. *State, supra,* only decided that where no objection of the defendant appeared and the contrary was not shown, it would be presumed that the jury was duly admonished at each adjournment and was kept in charge of a sworn officer.

In no case that has been called to our attention, nor

that we can find, has it ever been held in this state that it was proper to permit a jury trying a felony, to separate during the trial, if it was affirmatively shown that the defendant objected before the separation.

We have a statute, §2139 Burns 1914, Acts 1905 p. 584, which provides for the court admonishing the jury when they *are permitted* to separate, but the court held in *Anderson* v. *State, supra,* that this did not change the rule but was intended to apply to separations which were not objected to by the defendant.

Where the record is silent thereon, it will be presumed that the separation was with the defendant's consent, and that they were duly admonished; but in this case the record affirmatively shows that the defendant not only did not consent, but that he made a timely objection.

At common law it was not permissible for a jury to separate even with the defendant's consent; but under our statute above quoted, it has been held and is 7. the general practice that a jury may be allowed to separate with the defendant's consent. *McCorkle* v. *State* (1859), 14 Ind. 39.

There are many states which have modified this rule by statute, placing the determination of this matter in the discretion of the court.

For this reason many text-books say that the modern tendency is to leave the question of the separation of a jury to the discretion of the court. This is true 8. because statutes have been passed to this effect, but we are not authorized to change a rule which has been generally recognized so long as an absolute rule of law governing the rights of a defendant in a criminal case.

The appellant questions the giving and refusal to give certain instructions, but in view of our determination of the question hereinbefore discussed, it is not neces-

sary for us to decide on this. However, we have examined those given and those refused, and do not find any error therein.

The other questions discussed are not apt to arise upon another trial and need not be noticed here.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and the clerk is directed to issue the proper order for the appellant's return to the sheriff of Huntington county.