## SILVERMAN *v.* STATE OF INDIANA.
[No. 24,706.   Filed May 20, 1927.]

1.   JURY.—*Overruling motion for special venire for additional jurors in anticipation of numerous challenges .held error.*—Overruling a motion for a special venire for additional jurors for an approaching trial because numerous challenges were anticipated, as authorized by §1825 Burns 1926, was reversible error where the court, at the same time, entered an order directing the sheriff to subpoena a specified number of citizens, qualified as jurors, from outside the courthouse, to be present at the time set for the trial to act as jurors therein, as the statute provides that the names of prospective jurors called by a special venire shall be drawn by the clerk from the jury box.   p. 228.

2.   CRIMINAL LAW.—*Permitting jury to separate during felony trial, over defendant's objection was error.*—Permitting the jury to separate during the trial of a felony, where the defendant timely moved that the jury be not permitted to separate, and then, when the court proposed to permit the jury to separate over night, renewed his motion and objected to any separation during the trial, was reversible error.   p. 230.

From Vanderburgh Circuit Court; *Philip C. Gould*, Judge.

Abe Silverman was convicted of transporting intoxicating liquor in an automobile, and he appeals.   *Reversed.*

*John W. Spencer, Jr.*, for appellant.

*U. S. Lesh*, Attorney-General and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

TRAVIS, J.—Two questions are presented by this appeal:   (1)   May the judge in the proceedings in a criminal cause, before trial, within his sound judicial discretion, order the sheriff to subpoena thirty citizens who are qualified to serve as jurors, outside the court-house, on the third day before the day on which such cause has been set for trial, such citizens so subpoenaed to be used

to fill vacancies in the regular panel of the traverse jury of the court, as such vacancies occur, when it is shown by the first part of the same entry, that the court overruled defendant's verified motion, wherein and whereby he prayed the court to direct the clerk of the court to draw from the box of names of jurors, twenty-five (25) names of persons to serve as a special venire in this cause, and stated his reason for such request; and (2) the legal right of the court to permit the trial jury to separate upon adjournment of the court, during the progress of the trial of the cause, which was upon a charge of the commission of a felonious offense, after the court had overruled the motion that "The defendant requests that the jury which is sworn to try this cause be not separated during the trial of this cause, and the defendant objects to any separation of the jury herein during the trial of this cause."

The offense charged is, that defendant did, on July 17, 1923, unlawfully and feloniously transport intoxicating liquor in a certain vehicle, to wit: an automobile. (Acts 1923, ch. 34).

The error presented on appeal is based upon the action of the trial court, overruling defendant's motion for a new trial. The motion presented the alleged irregularity and error of the court which involve the two questions hereinbefore stated.

Appellant, as defendant, on the fifth day before the date of the trial of the cause as ordered by the court, filed his verified motion, praying the court to direct the clerk of the court to draw from the box of names of jurors, twenty-five (25) names of persons to serve as a special venire in this cause, for the reasons that there would be numerous challenges of jurors because of the wide publicity of the case throughout the county, and because it had been the practice and custom of the sheriff to subpoena divers persons in the county to appear

in the court on the days when criminal causes were to be tried, for the purpose of creating and furnishing a selected class of bystanders, from which to call persons as needed to fill vacancies caused by challenges, or by excused jurors. This motion was overruled by the court, the third day before the day theretofore set for the cause to be tried, and at the same time, as appears by the same judicial entry, the court ordered the sheriff "to cause subpoenas to be issued for thirty (30) reliable and reputable citizens of" the county, who are "qualified to serve as jurors in" the trial of this "cause," and to call such persons "outside the court-house, to be and appear in this court at 9 o'clock, a. m., Wednesday, March 12, 1924, and to call such persons to fill vacancies in the regular panel of the traverse jury of this court, as such vacancies occur."

Whenever the court shall be of the opinion that by reason of numerous challenges which are likely to be made to jurors, a special venire should issue for jurors and the names of persons to compose such special venire shall by the order of the court be drawn by the clerk from the box which contained the separate slips of paper upon which the names of persons are written to be drawn from such box to serve as jurors (§1825 Burns 1926). The exercise of power by the court by this statute requires that the court act within the confines of a sound judicial discretion. At this point in this case, the court is not confronted with the exercise of its power to order the impaneling of a special jury for the trial of this cause (§1826 Burns 1926); neither is it confronted with the necessity for impaneling a traverse jury from the bystanders because the proper officers have failed and refused to draw and impanel a traverse jury as provided by law (§1824 Burns 1926); neither is it confronted with the necessity to instruct the sheriff to fill a vacancy on the regular panel of the traverse jury caused by any such

juror being challenged peremptorily or for cause (§§579, 580, 2259 Burns 1926).

At this point, to wit:  the third day prior to the day set for trial of this cause, in the proceedings hereof, the only matter before the court was to render its decision on defendant's motion for a special venire; unless the court had the right to anticipate the needs of a special venire, which, in the court's judicial discretion, it was deemed necessary to have to expedite the trial of the cause; which, as hereinbefore stated, it is unnecessary to determine here.  The thing requested by the defendant and refused by the court, and the thing done by the court's order in directing the sheriff to cause subpoenas to be issued for thirty persons who were to be summoned to act as jurors in this cause, bear the same name in our law, to wit:  a special venire, i. e., those who are to come.  The appellation might as well, or better, be *venire facias*, those who have been ordered to come, and still better be the appellation of the common law, *venire facias juratores*, which was the name of the writ to direct the sheriff, commanding him to come from the body of the county before the court from whence it issued, on some day certain and therein specified, a certain number of qualified citizens who are to act as jurors in the court.  Stephen, Pleading (9th Am. ed.) *133; Stephens, Principles of Pleadings (Andrews) 171, §87; 3 Chitty, Pr. p. 796 [797].

In the case at bar the action of the court overruling defendant's petition for special venire is the screen upon which is pictured the reasoning of the court leading to its order, which directed the sheriff to cause to be summoned thirty persons to be used as jurors in the trial of the cause.  There is but one reasonable solution why the court, on its own motion, made the order in question, directed to the sheriff for thirty extra talesmen, after having denied the petition of ap-

pellant for a special venire of twenty-five persons; which solution is, that the statutory right given the defendant by the law to petition for a special venire may be lightly regarded.   Had the court sustained the petition for the special venire, the jury commissioners would have selected the names of the persons for the venire; by denying appellant's petition and following that act by the order to the sheriff, the statute was forestalled, and the sheriff picked the persons for a special venire.  The action of the court by its order is conclusive that there was a necessity for the special venire.   There are no exceptions in this statute where such request may be denied within the sound judicial discretion of the court, based upon the reason that the trial may be expedited by having jurors called in advance upon the motion of the judge, in the manner as was done here, rather than the court to avail itself of a special venire, selected as provided by law. The action of the court by its order to the sheriff to subpoena thirty persons outside the court-house to appear the day of the trial was contrary to the statute, which provides that the court shall direct the clerk of the court to draw from the box which contains the slips upon which names are written the number of names as shall be deemed proper.  (§1825 Burns 1926).   It is the opinion of the court that this was reversible error.

At the beginning of the trial, the defendant filed his written request and motion that the jury which was sworn to try the cause be not permitted to separate during the trial of the cause, and objected to any separation of the jury during the trial.   This motion was overruled.   Thereafter, at the expiration of the day, the further hearing of the cause then on trial was continued until the morning of the morrow at 9:00 o'clock.   Then, before the jury had been "admonished" by the court concerning their conduct during separation (§2304 Burns 1926), defendant filed a renewal of his motion,

by which he requested the court not to permit the jury to separate until final determination of the cause, and objected to any separation during the trial. This matter is presented by special bills of exception.

The law which governs the matter of the separation of the trial jury during and before a verdict is returned, or the jury discharged, is the common law, as 2. interpreted by our courts, and not the statute.

In Indiana, the common law has been recognized to the extent that the trial jury in the trial of a felonious offense, may not be allowed to separate at any time during the trial and until after verdict. *Jones* v. *State* (1831), 2 Blackf. (Ind.) 475. Later the rule was modified, to the extent that judicial permission for the jury to separate during the trial, without the consent of the defendant, was error. *McCorkle* v. *State* (1859), 14 Ind. 39, 41. There is no doubt that the court's permission for the jury to separate during the trial of the cause, over the objection of the defendant, was error. *Quinn* v. *State* (1860), 14 Ind. 589; *Anderson* v. *State* (1867), 28 Ind. 22, 24. This rule of law has been very recently upheld so that further reasoning would be of no avail. *Faulkner* v. *State* (1923), 193 Ind. 663, 141 N. E. 514; *McKinney* v. *People* (1845), 7 Ill. 540, 43 Am. Dec. 65, see note p. 80.

The Supreme Court of Tennessee held the statute (Acts 1887, ch. 158) unconstitutional which permitted the jury, in the discretion of the court, to disperse, and not to be placed in charge of an officer by the court, in all criminal trials, when the minimum degree of punishment for the crime charged is not above one year in the penitentiary, for the reason that the statute is a broad conference of power to abolish, suspend, modify, or enforce a general law, and thereby could not be reduced to a general rule. *King* v. *State* (1889), 87 Tenn. (3 Pickle) 304, 3 L. R. A. 210.

The action of the court, overruling defendant's motion

for a new trial, was error.

The cause is remanded; the trial court is ordered to sustain appellant's motion for a new trial.

Judgment reversed.