## McInnis *v.* State of Indiana.

[No. 25,991.   Filed March 28, 1934.]

*Charles D. Hunt,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

HUGHES, J.—This is a criminal prosecution against the appellant by affidavit charging him with violating §10068, Burns, 1926, §46-1009, Burns 1933, §11073,

Baldwin's 1934, by unlawfully permitting a person to be employed under him in a mine under his charge or supervision, as a miner, who did not hold a certificate or permit.

Omitting the formal parts, the affidavit is as follows:

"Frank Barnhart being duly sworn upon his oath says that one, James D. McInnis, a person late of said County, on the 11th day of October A. D. 1930, did then and there unlawfully suffer and permit one, Raymond Dorman to be employed as a coal miner under him, the said James D. McInnis in the coal mine known as the City Mine, then and there in the said County of Sullivan and State of Indiana, said mine being then and there under the charge and supervision of him, the said James D. McInnis; when he, the said Raymond Dorman did not then and there hold a certificate or permit to work as such coal miner in said mine as required by section 17 of the Acts of 1923 of the laws of the State of Indiana, said act being then and there entitled, 'An act concerning Coal Mines' contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The defendant moved to quash the affidavit; the motion was overruled; the defendant pleaded not guilty; he was tried by the court and found guilty and fined one hundred dollars ($100.00) and costs. The appellant filed a motion in arrest of judgment; said motion was overruled and he then filed a motion for a new trial which motion was overruled.

The appellant relies upon three assignments of error for a reversal of this case which are as follows:

(1) The court erred in overruling appellant's motion to quash the affidavit.

(2) The court erred in overruling appellant's motion in arrest of judgment.

(3) The court erred in overruling appellant's motion for a new trial.

The motion for a new trial sets out several reasons

but, as the judgment must be reversed, we will consider only the first two reasons assigned which are as follows:

(1) The finding of the court is contrary to law.

(2) The finding of the court is not sustained by sufficient evidence.

We do not think the court committed error in overruling the motion to quash and the motion in arrest of judgment. The affidavit is based upon §§10068 and 10080, Burns 1926, §§46-1009, 46-1108, Burns 1933, §§11073, 11081, Baldwin's 1934. Section 10068 is as follows:

> "No person shall hereafter be engaged as a miner in any coal mine in this state, without first obtaining a permit or certificate as required by this section. No person, firm or corporation shall employ any person as a miner who does not hold a certificate or permit, as aforesaid, and no mine foreman or superintendent or other person shall permit or suffer any person to be employed under him in any mine under his charge or under his supervision, as a miner, who does not hold such certificate or permit."

Section 10080 provides as follows:

> "The provisions of this act shall not apply to any mine that does not employ ten or more men, except that it shall be unlawful to use or operate any gasoline propelled engine or machinery inside any mine in this state."

The affidavit follows substantially the language of the statute, and, as said in *Faulkner* v. *State* (1923), 193 Ind. 663, 141 N. E. 514:

> "Where the statute defines an offense and states what acts shall constitutes a violation thereof, it is sufficient to charge the offense in the language of the statute."

We now come to the question, Did the court err in overruling appellant's motion for a new trial? The answer to this question depends upon the construction

to be placed upon §10080, *supra.* In construing this section, we will also consider that part of §10060, Burns, 1926, subd. b (§46-1001, Burns 1933; §11073, Baldwin's 1934), which is applicable here and is as follows:

"Provided, That the provision 349 of this section shall not apply to any county in this state unless there is located in such county a coal mine employing ten or more men."

Section 10060, *supra,* relates to the appointment of a miner's examination board in every county where the business of coal mining is carried on and by the foregoing proviso of said section. All counties having mines where there are not ten or more miners employed are exempted from appointing an examining board and therefore there is no necessity of issuing certificates as provided in §10068, *supra.*

It is clear in our judgment that the legislature, when it enacted the foregoing legislation, had in mind only those mines that employed ten or more miners and only when ten or more miners were employed and engaged in mining at one and the same time. The legislature had the right to make such a classification, [*Chandler Coal Co.* v. *Sams* (1908), 170 Ind. 623, 85 N. E. 341] and evidently made it on the theory that a small mine employing ten or less miners did not need the same supervision and regulating as that of a large mine employing a large number of men.

There were only three witnesses who testified in this case and all were witnesses of the State. All three witnesses on cross-examination testified that there was not ten men at any one time working at the mine. The State contends that it was for the defendant, as a matter of defense, to show that there were less than ten men employed. Conceding this to be true, if, as shown by the evidence, the defense was proven by the witnesses of the State, then the defend-

ant was entitled to an acquittal. It makes no difference from whose witnesses the evidence is produced, nor whether it appears from the direct or cross-examination, but if from all the evidence the defendant is not proven guilty he is entitled to be discharged. There was no evidence to support the finding and judgment, and they are therefore contrary to law.

The motion for a new trial should have been sustained.

Judgment reversed.